Riccardi v. Plymouth Township Zoning Board of Adjustment

*Alphonso Santangelo*, for plaintiff.

*A. Benjamin Scirica*, for defendants.

FORREST, J., September 25, 1958.—This is an action of mandamus against the board of adjustment and building inspector of a first class township to compel them to enforce the provisions of the zoning ordinance of such township and, specifically, to cause an existing building or part thereof erected by Gus Bono in violation of the ordinance to be torn down or removed. Defendants have objected preliminarily that the failure of the building inspector to institute proceedings is a legitimate exercise of a discretionary function giving rise to no cause of action on which a writ of mandamus will issue, and that plaintiff has another remedy which is adequate, appropriate and specific.

This action is a sequel to Riccardi v. Plymouth Township Board of Adjustment, 393 Pa. 337 (1958). The facts set forth therein are incorporated herein by reference. In that case, pursuant to the mandate of the Supreme Court, this court entered an order on June 16, 1958, that "the decision of the Zoning Board of Adjustment of Plymouth Township is reversed and the application of Paul Bono for a variance is denied." The averments of the complaint herein which are

deemed admitted for present purposes are that Bono violated the zoning ordinance and continues in such violation, that neither defendant board of adjustment nor defendant Park A. Beckley, building inspector, has taken action to enforce the zoning ordinance as it applies to the facts at bar. Plaintiff contends that he is without other adequate and specific remedy at law.

"Mandamus is an extraordinary remedy and the writ will issue only where there is a clear legal right in the plaintiff, a corresponding duty on the part of the defendant, and a want of any other adequate, appropriate, and specific remedy": Mellinger v. Kuhn, 388 Pa. 83, 84-85 (1957).

The board of adjustment is a quasi-judicial body, which is empowered by The First Class Township Code of June 24, 1931, P. L. 1206, sec. 3107, as amended, 53 PS §58107, inter alia, to hear and decide appeals, to hear and decide special exceptions and to authorize, upon appeal, in specific cases, variances under special conditions. This section provides that the board "shall have all the powers of the officer from whom the appeal is taken." However, we construe this to mean the powers to make an "order, requirement, decision or determination appealed from," and not the power of enforcement.

The First Class Township Code, sec. 3108, as amended, 53 PS §58108, provides that:

"In case any building . . . is erected . . . in violation of this article or of any ordinance or other regulation made under authority conferred hereby, the proper officer of the township in addition to other remedies, *may* institute in the name of the township any appropriate action . . . to restrain, correct, or abate such violation . . ." (Italics supplied.)

The Plymouth Township Zoning Ordinance of 1954, sec. 1800, provides:

"Enforcement. There shall be a building inspector . . . whose duty it shall be, and he is hereby given the power and authority to enforce the provisions of this Ordinance."

Thus the act in permissive wording empowers the proper officer to institute appropriate action. The ordinance directs the building inspector to enforce the same. The building inspector is an administrative arm of the township commissioners. In certain instances he may not seek to enforce the letter of the law. He may be influenced by the maxim de minimis non curat lex, or he may deem it inexpedient for one reason or other to take any action. The commissioners are at liberty to reprimand or even to discharge their employe for dereliction of duty, if they see fit. But the individual resident seeking some definite action on the part of the building inspector may resort to a writ of mandamus only if there is no other adequate appropriate and specific remedy: Mellinger v. Kuhn, supra.

Plaintiff herein is not dependent upon the building inspector to enforce his rights. The Plymouth Township Zoning Ordinance of 1954, sec. 2101, provides for a penalty of $50 for each and every offense, "and whenever such person shall have been notified by the Building Inspector . . . , or in any other way, that he is committing such violation of this Ordinance, each day that he shall continue such violation after such notification shall constitute a separate offense punishable by a like fine or penalty." Plaintiff is at liberty to institute proceedings under this section.

Also, section 2102 of the ordinance provides: "In case any building . . . is erected . . . in violation of this Ordinance, . . . in addition to other remedies provided by law, any appropriate action or proceeding . . . by legal process . . . may be instituted . . . to restrain, correct or abate such violation . . ." This section plainly suggests resort to a court of equity for relief,

and plaintiff is at liberty to proceed accordingly. His remedies by direct action are identical with the remedies which he would have by indirection, i. e., by action of the township or its representatives. Thus, it appears to us that plaintiff may not resort to a writ of mandamus because he has other adequate, appropriate and specific remedy.

Plaintiff has cited no Pennsylvania decision in support of his contention that mandamus is a proper form of action under the facts and circumstances pleaded in his complaint. He relies on three cases decided in Massachusetts: Siegemund v. Building Commissioner, 259 Mass. 329, 156 N. E. 852 (1927); Sunderland v. Building Inspector, 328 Mass. 638, 105 N. E. 2d 471 (1952); Pratt v. Building Inspector, 330 Mass. 344, 113 N. E. 2d 816 (1953). Those cases were decided under the Act of 1924, chapter 488, sec. 18, which provided, inter alia:

"It shall be the duty of the building commissioner . . . to enforce the provisions of this act . . . Upon any well founded information in writing from any person aggrieved that the provisions of this chapter are being violated or upon his own initiative, the building commissioner shall take immediate steps to enforce the provisions of this act by causing complaint to be made before the Municipal Court . . . or by applying for an injunction in the Superior Court."

Under such an act the writ of mandamus will issue because any aggrieved person has the right to file a "well founded" written information upon which the officer is under an express duty to institute one of two forms of legal action and the act provides the aggrieved person with no other remedy, specific or otherwise. The pertinent act and ordinance in the present case are dissimilar to the Massachusetts Act, and, therefore, the decisions of the Massachusetts court are not persuasive in this case.

This case is clear and free from doubt and plaintiff's claim could not be improved if we were to allow him to amend. Therefore, it is fitting that an order be entered dismissing the action: Fawcett v. Monongahela Railway Company, 391 Pa. 134 (1958).

And now, September 25, 1958, the preliminary objections to plaintiff's complaint are sustained and the prothonotary is directed to enter judgment for defendants. Exception to plaintiff.