533 A.2d 194

Robert Hosford *v.* Zoning Hearing Board of Penn Township.

James H. and Anna C. Paxson and James H. Paxson, Inc. *v.* Zoning Hearing Board of Penn Township. James H. and Anna C. Paxson and James H. Paxson, Inc., Appellants.

Argued June 8, 1987, before Judges CRAIG, DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Patrick C. O'Donnell,* with him, *John E. Good,* for appellants.

*John H. Spangler, Parke, Barnes, Spangler & Bortner,* for appellee.

OPINION BY JUDGE DOYLE, November 12, 1987:

James H. Paxson, his wife, and James H. Paxson, Inc. (Appellants) appeal from an order of the Court of Common Pleas of Chester County, which reversed a decision of the Zoning Hearing Board of Penn Township (Board) granting Appellants a building permit. We affirm.

James H. Paxson and his wife purchased a 34.6 acre tract of land in Penn Township (Township) in 1970.[1] The Township previously had zoned the property R-2 Residential in 1968. Under the Township Zoning Ordinance, agricultural uses were permitted in a R-2 zone, but a truck terminal was not. Appellants' primary business is that of hauling mushrooms. The property involved in this case has been used by Appellants since at least 1974 as a staging area for the trucks used in their business. Appellants' business operates in the following manner. Drivers employed by Appellants use pick-up or van-type trucks to secure mushrooms from local growers. These drivers then take the mushrooms to Mushroom Express[2] for refrigeration and storage. Shortly thereafter, Appellants' tractor-trailers pick up Appellants' mushrooms from Mushroom Express and deliver them to market.

By 1976, Appellants were operating twelve trucks of various types and employed thirty people. In that year, neighboring landowners, Mr. and Mrs. Robert Hosford, alarmed at the increase in the size of the trucking business on the property, complained about Appellants' use of the property to the Township Board of Supervisors (Supervisors). The Supervisors apparently instructed

---

[1] Appellants also own a 29.4 acre parcel located adjacent to the property involved in this case.

[2] Mushroom Express appears to be a business concern that stores and refrigerates mushrooms.

the Township zoning officer to investigate the matter, and he reported back to them on or about October 4, 1976. A review of the minutes of the Supervisors' meeting held on that date reveals the following relevant excerpt:

> At this time the Zoning Officer was instructed to send a letter to Mr. Hosford about the Paxson zoning complaint. The complaint was that Mr. Paxson is operating a truck terminal. It appears that the use presently existing on the Paxson premises is a non-conforming use under the Penn Township Zoning Ordinance of 1968. The zoning ordinance permits the continuation of pre-existing non-conforming uses and establishes procedures that will be employed to control their future expansions. However, you should note that the present use can be expanded pursuant to these procedures. Accordingly, the Board of Supervisors after hearing the zoning officer's report, finds that the present use is in accord with the law and no further action is anticipated at this time.

Pursuant to the instructions of the Supervisors, the zoning officer, on October 11, 1976, sent the following letter to Mr. and Mrs. Hosford:

> Pursuant to your request, the Zoning Officer of Penn Township has investigated your complaint regarding the existence of a truck terminal on the above premises.
>
> It appears that the use presently existing on the Paxson premises is a non-conforming use under the Penn Township Zoning Ordinance of 1968. The zoning ordinance permits the continuation of pre-existing non-conforming uses and establishes procedures that will be employed to

> control their future expansion. However, you should note that the present use can be expanded pursuant to these procedures.
>
> Accordingly, the Board of Supervisors after hearing the zoning officer's report finds that the present use is in accord with law and no further action is anticipated at this time.
>
> Please be advised that future expansion of the current use will be treated in accordance with the procedure of the ordinance.

The Hosfords again complained to the Supervisors about Appellants' use of the property in December 1976. The Supervisors responded to this new complaint by directing the Township zoning officer to send them another letter reiterating the Supervisors' position.

Again, on May 10, 1977, Mr. Cordivano, a Township resident, complained at the Supervisors' meeting that Appellants' tractor-trailers were damaging Township roads. The minutes of the meeting indicate some discussion of the problem, and the following:

> As to the legal status of Jim Paxson's business, the Board of Supervisors at this time did not make any suggestions as to action to be taken in regard to zoning.

Appellants were vaguely aware of the Hosfords' first complaint, but they were *not* aware of the Supervisors' response to this complaint. Nor were Appellants aware of the other complaints or the Supervisors' action with regard to these further complaints.

After these complaints, Appellants' business still continued to grow. In 1977, Appellants obtained a building permit for a building that was and is used as a shop for the repair and maintenance of Appellants' vehicles. This building was purchased and erected at a cost of $15,000. Other costs of expanding the business

since 1976 have included the following: $5,800 for obtaining contract carrier certificates from the Interstate Commerce Commission, and a Certificate of Public Convenience and Necessity from the Pennsylvania Public Utility Commission; $10,000 to relocate the company's business office from Mr. Paxson's home to a barn on the property; $8,000 for grading and laying stone on the truck parking area; $40,000 for the purchase of pickup trucks; and $490,000 for the purchase of tractor-trailers. This is a total investment of $568,000 in the business, of which $33,000 is directly related to improvements of the property.

In 1984, Appellants sought to enclose a portion of the barn by putting on a roof and constructing a loading dock. Appellants also wished to place a refrigeration unit, or cooler, in this newly enclosed portion of the barn, which would have allowed Appellants to store the mushrooms they purchased from local growers on the property, rather than having to take the mushrooms to Mushroom Express for refrigeration. Appellants applied to the Township zoning officer for a permit, which was denied.

Appellants appealed the denial of the permit to the Board, arguing they had a nonconforming use. After hearings, the Board found that Appellants use of the property was not a nonconforming use. The Board also found, however, that Appellants had a "vested right" to operate a truck terminal on the property and granted the permit, holding that the enclosure, the loading dock and the cooler were accessory uses to the truck terminal.

The Hosfords appealed the Board's decision to the court of common pleas. The court, without taking any additional evidence, reversed the Board's decision. This appeal followed.

Appellants have raised two issues for our consideration.[3] Appellants' first contention is that the Hosfords' decision not to appeal from the Supervisors' decision that Appellants had a nonconforming use barred them from litigating that issue in the present case. Appellants argue that the Supervisors' action in declining to enforce the Township's zoning ordinance against Appellants because they thought Appellants had a nonconforming use was tantamount to a decision by the zoning officer to register Appellants' use as nonconforming as mandated by Section 613 of the Pennsylvania Municipalities Planning Code (MPC).[4] Therefore, Appellants assert, the Hosfords' failure to appeal this alleged *de facto* registration to the Board within thirty days[5] of receipt of the first letter from the zoning officer now bars them from seeking relief. We find this argument to be without merit.

The Township zoning ordinance in this case did not contain, and does not now contain, although it should, any provision that would allow the Township zoning officer to register a nonconforming use. We hold, therefore, that under Section 613 of the MPC, there can be neither a *de jure* nor a *de facto* registration of a nonconforming use. Further, the action taken here by the Supervisors was not tantamount to a registration, because the zoning ordinance made no provision for such procedure. A nonconforming use can be registered by a

---

[3] Our scope of review in a zoning case where the trial court takes no additional evidence is limited to determining whether the zoning hearing board committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). A zoning hearing board abuses its discretion when its findings are not supported by substantial evidence. *Id.*

[4] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10613.

[5] *See* Section 915 of the MPC, 53 P.S. §10915.

zoning officer only in a manner that complies with the provisions of a municipal zoning ordinance embodying the mandate imposed upon the municipality by Section 613 of the MPC. When a zoning ordinance does not contain a registration provision for nonconforming uses, a nonconforming use cannot be registered in any manner. Therefore, all the Township's action in the present case indicates is that the Supervisors declined to take any action to enforce their zoning ordinance against Appellants, and the Hosfords could not force the municipality to take such action. *Riccardi v. Plymouth Township Zoning Board of Adjustment,* 394 Pa. 624, 149 A.2d 50 (1959), *aff'g per curiam on the opinion of the trial court,* 16 Pa. D. & C. 2d 243 (1958). The trial court, therefore, properly held that Hosford was not prejudiced by his failure to take any action from the Supervisors' decision.

Appellants' second contention is that they acquired a "vested right" to operate a truck terminal on their property. We disagree. A key factor in determining whether a landowner has a right to a "variance by estoppel" is whether the landowner acted in good faith and innocently relied upon the municipality's active acquiesence in his illegal use. *Rendin v. Zoning Hearing Board of the Borough of Media,* 88 Pa. Commonwealth Ct. 37, 488 A.2d 391 (1985). The real question presented by this appeal, given the Township's active acquiescence in Appellants' illegal use, is whether Appellants acted in reliance upon the Supervisiors' decision not to take any enforcement action against Appellants because of the Supervisors' erroneous belief that Appellants had a nonconforming use.

Although the evidence here establishes that Appellants had notice of the Hosfords' initial complaint, there is absolutely no evidence that they were aware of the Supervisors' meeting of October 4, 1976 or the contents of the subsequent letter sent to the Hosfords on Octo-

ber 11, 1976. Both the Appellant, James H. Paxson, and his son, James C. Paxson, testified they were aware of the Supervisors' disposition of the complaints through the "grapevine." Consequently, there is no evidence that any of the improvements to the property constructed by Appellants after 1976 were made *in reliance on* the Supervisors' erroneous determination that their use was a pre-existing non-conforming use. Indeed, the Supervisors had no authority to even make such a determination. As simply stated by the trial court:

The [Appellants] commenced an illegal use upon the tract without considering whether a zoning ordinance was in effect and if it was, whether the ordinance permitted such a use, and to *their* knowledge relied upon nothing more than inaction or acquiescence on the part of the Township to continue and expand such use.

Nor does the fact that the Township issued a permit to Appellants allowing them to construct the building presently used as the repair shop for the corporation's trucks give them any right to rely on that permit. In the present case, neither the permit itself nor the application for the permit were introduced into evidence. The testimony of Mr. Paxson, however, indicates that the permit was issued for a "Butler agricultural building." Unlike *Township of Haverford v. Spica,* 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1974), where the landowner's illegal use was obvious on the face of the permit, the permit requested by Appellants was for a structure related to an agricultural use, a use permitted in the Township R-2 zone. Therefore, Appellants can place no reliance on the issuance of the building permit to validate their illegal use, since the permit itself was issued for a use valid in that zoning district. *See Center Township v. Zoning Hearing Board of Center Township,* 104 Pa. Commonwealth Ct. 487, 522 A.2d 673 (1987).

Since Appellants have failed to present sufficient evidence to prove their right to a "variance by estoppel," the order of the Court of Common Pleas of Chester County is affirmed.

ORDER

NOW, November 12, 1987, the order of the Court of Common Pleas of Chester County, Nos. 84-06682 and 84-06799, dated July 25, 1985, is hereby affirmed.