535 A.2d 684

Donna Buffalini, an incompetent, by Francis T. Buffalini, and Rose Marie Buffalini, her guardians, and Francis T. Buffalini and Rose Marie Buffalini, individuals in their own right, Appellants *v.* William N. Shrader, Jr., et al., Appellees.

Argued May 18, 1987, before Judges MacPhail and Barry, and Senior Judge Blatt, sitting as a panel of three.

*Louis C. Long,* with him, *Robert A. Nedwick* and *Scott T. Redman, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellants.

*Donald J. McCormick, Wayman, Irvin & McAuley,* for appellee, Township of Hempfield.

*Brian H. Baxter,* Senior Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellee, Department of Transportation.

OPINION BY JUDGE BARRY, December 30, 1987:

Donna Buffalini, an incompetent, and Francis T. Buffalini and Rose Marie Buffalini, her guardians (appellants) appeal from an order of the Court of Common Pleas of Westmoreland County granting the Township of Hempfield's (Township) motion for summary judgment. We affirm.

During the early morning hours of June 28, 1980 Donna Buffalini was a passenger in a car which failed to stop at the intersection of U.S. Route 30 and Legislative Route 64135 in Westmoreland County. The car in which Ms. Buffalini was riding was hit by a pickup truck which was traveling west on Route 30. The inju-

ries sustained by Ms. Buffalini in this unfortunate accident have rendered her incompetent and she was so adjudged on September 3, 1981 by the Orphans' Court Division of the Court of Common Pleas of Westmoreland County. By the same order Francis T. Buffalini and Rose Marie Buffalini, her parents, were appointed as guardians of her estate. By order of June 15, 1982 they were further appointed as guardians of her person.

On June 15, 1982 a complaint was filed by the appellants naming *inter alia* the Township and the Commonwealth of Pennsylvania, Department of Transportation (DOT) as defendants. Count V of the complaint alleges liability on the part of the Township for negligently permitting a commercial sign to be erected and/or maintained which obstructed the view of a stop sign at the intersection in question.

The trial court granted the Township's motion and this appeal followed.

Rule 1035 of the Pennsylvania Rules of Civil Procedure provides a summary method for the determination of legal disputes where there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa. R.C.P. No. 1035(b). "[E]ntry of summary judgment may be granted only in cases where the right is clear and free of doubt." *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 174-75, 507 A.2d 323, 331 (1986). "[T]he burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment *as a matter of law*, is on the moving party, and the record must be examined in the light most favorable to the non-moving party." *Giannini v. Carden*, 286 Pa. Superior Ct. 450, 454, 429 A.2d 24, 26 (1981) (emphasis added), quoted with approval in *Miller v. Leljedal*, 71 Pa. Commonwealth Ct, 372, 375, 455 A.2d 256, 257 (1983). We must determine whether the trial court erred in granting the Township's motion for summary judgment.

The pleadings, depositions and answers to interrogatories which are part of the record reveal that both roadways involved in this accident are state highways. The stop sign was at the intersection of the two highways and was not located on real property owned by the Township. The commercial sign alleged to have obstructed the L.R. 64135 southbound motorist's view of the stop sign was not located on real property owned by the Township. The commercial sign was erected without a permit application being filed with the Township. Following the initiation of this action the sign was found to be in violation of a Township ordinance and its removal was ordered by the Township Zoning Officer.

The trial court granted the Township's motion for summary judgment on the basis that the appellants had failed to demonstrate that the Township had an affirmative duty to enforce its ordinance and order the removal of the sign prior to the accident. Since it found no such duty the trial court did not reach the defense of governmental immunity raised by the Township pursuant to Section 8541 of the Political Subdivision Tort Claims Act (the Act), 42 Pa. C. S. §8541.

Here, the appellants argue that material questions of fact exist concerning the Township's alleged negligence in failing to enforce its ordinance and therefore the trial court's granting of summary judgment was erroneous. Further, they argue that the Township is not immune from suit in this case through the operation of the exceptions set forth in Sections 8542(b)(3) and 8542(b)(4) of the Act, 42 Pa. C. S. §§8542(b)(3) and 8542(b)(4).

The trial court noted in its opinion that no authority was presented by the appellants for the proposition that once a zoning ordinance has been enacted a municipality can be held liable in tort for its failure to enforce that ordinance under the circumstances of this case. The underlying duty of the municipality to enforce its

ordinance here is important because in the absence of such a duty, the exceptions to governmental immunity as set forth in §8542(b) are inapplicable.

Section 8542(a) provides in pertinent part:

A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity);

. . . .

In order to prove negligence here, the appellants must prove, *inter alia,* that the Township as the alleged tortfeasor had a duty toward the injured party. *O'Neill v. Batchelor Brothers, Inc. Funeral Homes,* 421 Pa. 413, 219 A.2d 682 (1966). Accordingly, our initial inquiry is whether a municipality has an affirmative duty to enforce a zoning ordinance prohibiting the erection of commercial signs which obstruct motorists' view of traffic control devices on state owned and maintained highways where the municipality has no notice of the fact that the sign existed in violation of its ordinance.

Neither the Buffalinis nor the additional defendants which filed briefs in this case have directed our attention to a case in which a municipality has been held liable for damages for an alleged failure to enforce a zoning ordinance. Enforcement actions generally arise in the context of mandamus or equity actions. For instance, in the seminal case of *Riccardi v. Board of Ad-*

*justment of Plymouth Township,* 16 Pa. D. & C. 2d 243 (1958), *affirmed on opinion of trial court,* 394 Pa. 624, 149 A.2d 50 (1959) a neighboring landowner brought an action in mandamus to compel the Township and its building inspector to institute an action pursuant to Section 3108 of the First Class Township Code[1] and a similar Township Ordinance permitting them to maintain an action against a landowner who had erected a building in violation of a local ordinance. Finding that the language of the statute and the ordinance were permissive only, our Supreme Court found that an action in. mandamus would not lie. The neighboring landowner's remedy was, rather, a direct action in equity against the violating landowner.

Section 617 of the Pennsylvania Municipalities Planning Code[2] provides:

> In case any building, structure, or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, the governing body or, with the approval of the governing body, an officer of the municipality, in addition to other appropriate remedies, *may institute* in the name of the municipality any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation.

(Emphasis added.)

---

[1] Act of June 24, 1931, P.L. 1206, *formerly* 53 P.S. §58108-58111, repealed by Act of July 31, 1968, P.L. 805, Section 1201, 53 P.S. §11201. The subject matter of that repealed act is now covered by the Pennsylvania Municipalities Planning Code. *See* Footnote 2, *infra.*

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10617.

This section is clearly intended to grant municipalities the authority to enforce its ordinances under the conditions set out in the statute but its permissive language does not mandate that enforcement in all circumstances. As pointed out by the Court in *Riccardi*, "In certain instances [the building inspector] may not seek to enforce the letter of the law. He may be influenced by the maxim de minimis non curate [sic] lex, or he may deem it inexpedient for one reason or other to take any action." 16 Pa. D. & C. 2d at 246, 149 A.2d at 52. Recognizing the necessity of the exercise of discretion on the part of municipalities we cannot hold that the Township here was under an affirmative duty to have ordered the removal of the commercial sign in question particularly since there are no affidavits in the record to support the appellants' allegation that the Township had knowledge of its existence prior to this accident. Consequently, without having demonstrated a duty on the part of the Township, it necessarily follows that damages would not be recoverable from the Township for the injuries sustained by Ms. Buffalini and the requirements of §8542(a) have not been met here.

Even if the appellants had successfully argued that the Township had a duty to enforce this particular ordinance with respect to this commercial sign and that its failure to enforce the ordinance was a breach of that duty, we would affirm the trial court's grant of summary judgment on the basis of governmental immunity.

The Township asserted the defense of governmental immunity and the appellants counter that defense by arguing that the exceptions as set forth in 42 Pa. C. S. §§8542(b)(3) and 8542(b)(4) apply. We cannot agree with the appellants.

Section 8542(b)(3) provides for an exception to governmental immunity where the act of the local agency constitutes, "[t]he care, custody or control of real prop-

erty in the possession of the local agency. . . ." The appellants argue that the enactment of zoning ordinances effectively gives the local agency "control" over the real property within its territorial boundaries. They argue further that the "control" exercised by local municipalities through its zoning ordinances amounts to "possession" of real property for the purposes of §8542(b)(3). They come to this conclusion by arguing that "control" is a key element in the concept of possession. We cannot agree.

We are instructed by our Supreme Court that the real property exception to governmental immunity must be interpreted narrowly. "In construing [§8542(b)(3)], it must be kept in mind that it represents an *exception* to the absolute rule of governmental immunity stated in 42 Pa. C. S. §8541. . . . Since Section 3 is an exception to the rule of immunity, we believe that its extent must be narrowly interpreted given the expressed legislative intent to insulate political subdivisions from tort liability." *Mascaro v. Youth Study Center*, 514 Pa. 351, 361, 523 A.2d 1118, 1123 (1987) (emphasis in original). "Possession" for purposes of §8542(b)(3) has not been so strictly construed to mean ownership, *Lowman v. Indiana Area School District*, 96 Pa. Commonwealth Ct. 389, 507 A.2d 1270 (1986), but the appellants ask us to extend the meaning of "possession" pursuant to this statute further than we are able. Accordingly, absent any appellate authority or a convincing argument to the contrary, we refuse to interpret "possession" pursuant to §8542(b)(3) to include the "control" exercised by a municipality through its zoning ordinance.

The appellants also argue that the exception to governmental immunity as set forth in §8542(b)(4) of the Act is applicable. Again, we disagree.

That section provides an exception to immunity where:

A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, *except* that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred *and* that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time *prior* to the event to have taken measures to protect against the dangerous condition.

(Emphasis added.)

It is undisputed that the two highways involved here are state owned. The Commonwealth has exclusive responsibility for the repair and maintenance of state roadways. *Medina v. Township of Falls,* 71 Pa. Commonwealth Ct. 295, 454 A.2d 674 (1983). Further, a municipality has no duty to notify the Commonwealth of any dangerous conditions existing on those roadways within its geographical boundaries. *Calvanese v. Leist,* 70 Pa. Commonwealth Ct. 251, 452 A.2d 1125 (1982).

The plaintiffs argue that the trial court erred in granting the Township's motion for summary judgment inasmuch as the question of whether the obstruction of the stop sign by the commercial sign was a "dangerous condition" creating a "reasonably foreseeable risk of the kind of injury" suffered by Ms. Buffalini was one for the jury. *Wyke v. Ward,* 81 Pa. Commonwealth Ct. 392, 474 A.2d 375 (1984). We agree with their statement of the law but disagree that it controls the outcome of this case inasmuch as we need not reach that question.

The plaintiffs argue that the stop sign was in the care, custody or control of the Township by citing 67 Pa. Code §445.5(b)(2). Chapter 445 of the Pennsylvania

Code contains the regulations promulgated by the Department of Transportation pursuant to Section 6 of the Outdoor Advertising Control Act of 1971, Act of December 15, 1971, P.L. 596, *as amended,* 36 P.S. §§2718.101-2718.115. Our review of the Outdoor Advertising Control Act and the regulations promulgated thereunder does not reveal that their provisions are applicable to local municipalities. We cannot conclude that 67 Pa. Code §445.5(b)(2) vests the responsibility or duty upon the Township to prevent the erection of any signs which may prevent the "driver of a vehicle from having a clear and unobstructed view of official signs and approaching or merging traffic." Accordingly, we cannot conclude that the Township exercised care, custody or control over the stop sign in question based upon the Outdoor Advertising Control Act or its regulations.

The plaintiffs also argue that the Township exercised care, custody or control over the stop sign by virtue of the enactment of its zoning ordinance. They reason that Section 2003 of the Second Class Township Code[3], setting forth some of the purposes of zoning to be to "secure safety from . . . dangers . . . and [to encourage] the most appropriate use of land throughout [the] municipality," creates the Township's authority to control the stop sign in question here. We simply cannot agree that a municipality's authority to enact zoning ordinances designed to comport with the enabling legislation's grant of regulatory power establishes care, custody or control by a municipality over a stop sign regulating traffic at the intersection of two state owned highways.

---

[3] Act of May 1, 1933, P.L. 103, *as amended, formerly* 53 P.S. §67003, repealed by Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11202. The subject matter of the repealed act is now covered by the Pennsylvania Municipalities Planning Code. *See* Footnote 2, *supra.*

Finally, the plaintiffs assert that the Township exercises care, custody or control over traffic control devices pursuant to Section 6109(a) of the Motor Vehicle Code, 75 Pa. C. S. §6109(a) which provides:

(a) The provisions of this title shall not be deemed to prevent the department on State-designated highways and local authorities on streets or highways within their physical boundaries from the reasonable exercise of their police powers. The following are presumed to be reasonable exercises of police power:

. . . .

(2) Regulating traffic by means of police officers or official traffic-control devices.

This section does not impose an affirmative duty upon the municipality but rather, allows it discretion to exercise its police powers. *Medina.* Accordingly, we cannot conclude that the mere grant of the discretionary exercise of police power amounts to care, custody or control over a traffic control device for purposes of establishing an exception to governmental immunity pursuant to 42 Pa. C. S. §8542(b)(4).

For the foregoing reasons we affirm the trial court's grant of the Township's motion for summary judgment.

ORDER

NOW, December 30, 1987, the Order of the Court of Common Pleas of Westmoreland County at No. 3679 of 1982 dated June 6, 1986, granting the Township of Hempfield's motion for summary judgment is hereby affirmed.