554 A.2d 186

Application of Bruce Vanett, M.D. and Associates and Doris Leibowitz *v.* Zoning Hearing Board of Marple Township and Township of Marple and Carl Huber and Mabel Huber, his wife, and Marple Summit Civic Association. The Township of Marple, and Carl Huber and Mabel Huber, his wife, and Marple Summit Civic Association, Appellants.

Argued December 16, 1988, before Judges DOYLE and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael F.X. Gillin, Michael F.X. Gillin & Associates, P.C.,* for appellants.

*Michael R. Bradley,* for intervenors.

*John T. Mulligan,* with him, *Andrew J. Donaghy, Lord & Mulligan,* for appellees.

OPINION BY JUDGE COLINS, February 17, 1989:

Appellant, the Township of Marple and intervenors, Carl and Mabel Huber and the Marple Summit Civic Association appeal the order of the Delaware County

Court of Common Pleas which reversed the decision of the Zoning Hearing Board of Marple Township (Board) denying the variance application of Bruce Vanett and Doris Leibowitz (appellees) for their property located at 601 Williamsburg Drive, Marple Township, Delaware County, Pennsylvania.

The subject property is an undeveloped parcel of land located on the southwest corner of Sproul Road and Williamsburg Drive. Appellees purchased this 31,400 square foot lot for $100,000.00 in 1984 knowing that the property was, and still is, zoned R-1 Residential. Originally, appellees sought to construct four duplexes on this site; however, their application for a variance was denied. Thereafter, appellees undertook to obtain the current variance to construct a 5,000 square foot medical office building and to erect a freestanding sign. The proposed building will be the offices for two orthopedic surgeons who will conduct office hours at different times.

The subject property is somewhat unique in the sense that while it is zoned R-1 residential, it is largely surrounded by businesses and commercial uses. The property fronts on Williamsburg Drive which is entirely residential. A four-story office building is located to the south of the property in question while to the west, on Williamsburg Drive, there is a single-family residence occupied by a dentist and his family. The dentist conducts his practice from a portion of this house. Across the street from the subject premises, on the north side of Williamsburg Drive, is a single-family residence, a portion of which also serves as a law office. Both the dentist's office and the lawyer's office are permitted by Marple Township's zoning ordinance as an accessory use in conjunction with a home occupation. The Lawrence Park Shopping Center is located on the east side of Sproul Road, across from the subject property.

The Board denied appellees' variance application on March 19, 1986, and appellees appealed this decision to the court of common pleas. Thereafter, the matter was remanded for additional testimony by the applicants. Following this remand, the Board approved the variance by a 3-2 vote. The intervenors subsequently filed a petition to have the vote of the chairman of the Board, Harry Dash, stricken due to a conflict of interest. The court of common pleas once again remanded the matter to the Board in order to appoint a new Board member and barred Dash from voting on the remanded application. The Board then voted to deny the variance by a 4-1 vote. Appellees subsequently appealed this decision to the court of common pleas. The court reversed the decision of the Board and directed that the variance be granted. Appellants then filed a timely appeal to this Court.

Our scope of review in this matter, since the trial court took no additional evidence and a complete record was made before the Board, is limited to a determination of whether the Board committed a manifest abuse of discretion or an error of law in denying the instant variance. *Hosford v. Zoning Hearing Board of Penn Township*, 111 Pa. Commonwealth Ct. 64, 533 A.2d 194 (1987). A conclusion that the Board abused its discretion may be reached only if its findings are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

Pursuant to Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912, five factors must be established in order to qualify for a variance: (1) unnecessary hardship will result if the variance is denied due to unique physical circumstances or conditions of the property; (2) the hardship results from unique physical char-

acteristics of the property and as a result it cannot be developed in strict conformity with the zoning ordinance; (3) granting the variance will not alter the essential character of the neighborhood, nor will it have an adverse impact on the health, safety and welfare of the general public; (4) the hardship is not self-inflicted; and (5) the variance sought is the minimum variance that will afford relief.

On appeal, appellant contends that appellees have failed to establish the five criteria which would entitle appellees to a variance. Accordingly, appellant argues that the trial court erred in reversing the Board's decision to deny the variance. The appellees, on the other hand, contend that the trial court properly concluded that the subject property cannot be developed in conformance with the zoning ordinance due to the unique location of the subject property, as it is virtually surrounded by commercial uses.

The trial court's decision to reverse the Board was based on the unique physical conditions and surroundings of the property. The trial court found that the proposed building will not alter the essential character of the neighborhood since the building will be a one-story ranch style building, compatible with the other residences on Williamsburg Drive. Moreover, although the trial court found that the size of the proposed building (5,000 sq. ft.) constitutes a substantial deviation from the township's zoning code, it, nevertheless, concluded that the proposed plan represents the minimum variance that will afford relief in this instance. The trial court reasoned that the proposed building will look like all the other residences on Williamsburg Drive and that the office would be permitted as an accessory use if the building also served as a residence.

The record reflects that no evidence was presented to the Board which would establish that the property in

question cannot be used for residential purposes. An expert, presented by appellees, merely testified that he did not believe that building a residence on the property is the highest and best use for it. In addition, appellees presented no evidence of hardship, nor evidence which, assuming arguendo, hardship was found, would indicate that such hardship was not self-inflicted. Finally, even the trial court characterized the proposed building as a substantial deviation from the zoning ordinance. Accordingly, appellees have failed to sustain the requisite burden in order to obtain a variance for their property.

Based upon the foregoing, we find no error in the Board's decision to deny appellees' variance and, thus, we conclude that the trial court improperly reversed the Board's decision.

Accordingly, the order of the trial court is reversed.

### ORDER

AND NOW, this 17th day of February, 1989, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby reversed.