## Chamberlain v. Dietz

C.P. Centre County, no. 1992-2676.

*Robert* L. Martin, for defendant.
*Richard* M. Golomb, for plaintiff.

GRINE, *J.,* March 15, 1995—Presently before this court for consideration is defendants' motion for summary judgment.

### DISCUSSION

Pa.R.C.P. 1035 provides in pertinent part:

"(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depo-

sitions, answers to interrogatories, admissions on file and supporting affidavits.

"(b) ... the judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The moving party has the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Buffalini by Buffalini v. Shrader,* 112 Pa. Commw. 228, 535 A.2d 684 (1987). The record must be viewed in the light most favorable to the non-moving party. *Miseo v. Ross Township Police Department,* 147 Pa. Commw. 263, 607 A.2d 806 (1992). All well-pleaded facts in the pleadings of the non-moving party are accepted as true and the non-moving party is given the benefit of all inferences reasonably drawn therefrom. *Spain v. Vicente,* 315 Pa. Super. 135, 461 A.2d 833 (1983).

The main issue before this court to determine is whether there remains a genuine issue as to material fact regarding the limited tort issue. There is no dispute that the plaintiff was operating a vehicle on January 17, 1991, and at approximately 3:45 p.m. the plaintiff stopped for a school bus stopping and was hit from the rear by the defendant's vehicle. As a result of the collision, the plaintiff sustained bodily injuries from striking her steering wheel and seat. As of this point the pleadings are closed and show plaintiff's injuries are soft tissue injuries only. Plaintiff claims her injuries affect her ability to jog and play tennis but no other activities. (N.T. Chamberlain deposition pp. 56-60.) The issue then for this court to determine is whether

we as a court can state as a matter of law that the plaintiff's complaint of injuries meet the "serious injury" standard as required for recovery under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1702.

Currently there are no appellate decisions concerning the limited tort issue in this Commonwealth. Although the decisions of the lower courts do not provide a precedent, there are three recent trial court decisions on this issue demonstrating how the law has been interpreted and applied.

In *Becker v. Harple,* 74 Lancaster L. Rev. 79 (1993), the court denied summary judgment finding that the question of what constitutes a "serious injury" is a question of fact if reasonable minds can differ as to whether the injuries satisfy the threshhold. In *Becker,* the plaintiff sustained a fractured elbow along with injuries to her neck and back when her automobile was struck in the rear. The plaintiff testified at her deposition that the injuries had an effect on her daily activities, including the fact that she was forced to quit one of her two jobs as a waitress because of her inability to lift trays of food with the fractured elbow.

In *Murray v. McCann,* Delaware County, no. 1991-1521, filed June 22, 1994, a case which has been appealed to the Superior Court, the plaintiff sustained injuries to her leg, hip, back and neck and the treating physician found she had soft tissue damage in the form of a small central disc bulge. However, the doctor found no evidence of disc herniations in the lumbar spine and no evidence of nerve root and spinal cord compression at the C3-4 level. Also, since at the time of the final visit, approximately nine months after the accident, he had found full

range of motion of the neck and no lower back pain, the court held this evidence alone was insufficient to constitute a serious injury under 75 Pa.C.S. §1702. The court held that if plaintiff's aches and pains were included as "serious injuries" the limited tort option would have no effect because all claimants suffering from soft tissue injuries would be allowed to recover non-economic damages, "vitiating the intent of the Pennsylvania Legislature." *Id.*

In *Dodson v. Elvy,* Blair County no. C.P. 1948, filed June 23, 1994, plaintiff suffered injuries to his right shoulder and right elbow including a fracture to his right radius. Although the doctor found the plaintiff had recovered full range of motion 10 months after the accident, the plaintiff testified at his deposition 18 months after the accident that he continued to suffer pain in his right shoulder and elbow. The court following the Michigan *De-Franco* decision, *DeFranco v. Picard,* 427 Mich. 32, 398 N.W.2d 896 (1986), found that there were no objective medical findings to constitute an impairment of bodily function only evidence of plaintiff's subjective complaints of pain. Therefore, the court granted defendant's motion for summary judgment.

The instant case is comparable to these three most recent and pertinent cases on the limited tort issue. In the case-at-bar, the plaintiff was originally treated in the emergency room at Centre Community Hospital on January 16, 1991, complaining of neck, back and chest pain. Currently, plaintiff continues to complain of pain in her shoulder, numbness in her hand and daily headaches.

Under 75 Pa.C.S. §1705(d) the limited tort option provides that a person who has chosen the limited tort option

may not seek recovery for "non-economic loss" such as pain and suffering, unless the person has suffered a "serious injury." Further, a "serious injury" has been defined under section 1702 as a "personal injury resulting in death, serious impairment of body function or permanent serious disfigurement."

Since the three most recent and pertinent cases on this issue are of equal precedental value and none have returned from the appellate courts with decisions, this court can choose to follow the reasonings of the *Becker, Murray* or *Dodson* courts. In the instant case, Dr. Roberts has stated: "It appears to me that she has a chronic trapezius muscle strain pattern with trigger points and muscle spasm." This indicates that plaintiff's injuries are limited to soft tissue damage which is most similar to the factual scenario in the *Murray* case, the case where the trial court granted defendant's summary judgment. However, since neither of the three above referenced cases have precedental value in this jurisdiction, we choose to adopt the reasoning of the *Becker* case and construe the evidence thus far in a light most favorable to the plaintiff. We determine that the question of what constitutes a "serious injury" is a genuine issue of material fact since we find reasonable minds can differ as to whether plaintiff's injuries satisfy the "serious injury" threshhold. Accordingly, defendants' motion for summary judgment shall be denied by the following order.

## ORDER

And now, March 15, 1995, after hearing it is ordered and decreed defendants' motion for summary judgment is hereby denied.