585 A.2d 578

**Regina CARTER**

**v.**

**CITY OF PHILADELPHIA and Pennsylvania Department of Transportation.**

**Appeal of PENNSYLVANIA DEPARTMENT OF TRANSPORTATION.**

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 1990.

Decided Jan. 8, 1991.

Kathleen B. O'Connell, Deputy Atty. Gen., with her, Ernest D. Preate, Jr., Atty. Gen., Philadelphia, for appellant.

Alan C. Ostrow, Chief Asst. City Sol., with him, Miriam B. Brenaman, Deputy Sol. for Appeals, Norma S. Weaver, Chief Deputy in Charge of Claims, and Charisse Lillie, City Sol., Philadelphia, for appellee, City of Philadelphia.

Before DOYLE and McGINLEY, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

The Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Philadelphia County which granted the preliminary objections of the City of Philadelphia (City) to a complaint filed by Regina Carter (Carter) and dismissed the City as a party defendant to the action.

The relevant allegations in Carter's complaint are as follows: On July 6, 1987, Carter was operating a motor vehicle on Highway 291 East, the pertinent portion of which is located within the City. Her vehicle left the roadway when she missed making a turn onto I–95 North due to the absence of a sign indicating a curve in the roadway.

Carter filed suit in the Court of Common Pleas of Philadephia County against the Department and the City alleging that the defendants were jointly and/or severally responsible for Highway 291 East and that they were negligent, *inter alia*, in failing to erect a sign indicating a curve in the roadway.[1] The City filed preliminary objections in the nature of a demurrer asserting that it has no duty at common law or by statute to erect traffic control devices and hence that it was immune from suit.[2] The Department, a co-defendant with the City, filed an answer to the preliminary objections arguing that the City has a statutory duty to regulate and govern traffic within its boundaries and requested that the City's preliminary objections be denied. On December 4, 1989, the trial court sustained the City's preliminary objections and dismissed with prejudice the complaint against the City. This appeal followed.

■ Initially, we note that preliminary objections in the nature of a demurrer are not to be sustained unless it is clear that under the law no recovery is possible. *Lewin v.*

---

1. Counsel for the Department contended at oral argument that Carter's complaint contains conflicting allegations. Paragraph 5 of Carter's complaint alleged that the accident was caused by "the *absence* of a sign"; paragraph 6(c) alleged that the City and the Department were negligent in "*failing to maintain a sign*," warning of a curve in the roadway (emphasis added). The Department argues that *if* the City erected such a sign and failed to maintain it, Carter may have stated a claim upon which relief can be granted, thereby making the grant of preliminary objections improper. It is clear from oral argument, however as well as other portions of paragraph 6 of the complaint that "failure to maintain a sign" meant, that a warning sign was never posted at the location of the accident and we will proceed with our analysis on this basis.

2. Although not specifically articulated in its preliminary objections, the City is asserting that it is immune from suit under Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541, pertaining to governmental immunity.

*State Board of Medicine,* 112 Pa.Commonwealth Ct. 109, 535 A.2d 243 (1987). Further, the test is not only whether the applicable law makes it clear that recovery is not possible, and free from doubt, but whether this is clear and free from doubt based on the facts pleaded, *i.e.,* the pleader will be unable to prove facts legally sufficient to establish his right to relief. *Parker v. Department of Labor and Industry,* 115 Pa.Commonwealth Ct. 93, 540 A.2d 313 (1988). Any doubts on whether the demurrer should be sustained are to be resolved against the objecting party. *Id.*

█ A plaintiff seeking to defeat the governmental immunity bar must meet two distinct requirements. *Farber v. Engle,* 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987). First, the plaintiff must show that she possesses a common law or statutory cause of action against the local agency. Section 8542(a) of the Judicial Code (Code), 42 Pa.C.S. § 8542(a). Second, she must prove that the cause of action falls within one of the exceptions to governmental immunity contained in Section 8542(b) of the Code, 42 Pa.C.S. § 8542(b).

In opposing the City's preliminary objections, the Department asserted that the City had a duty to erect traffic control devices and that this duty is imposed by statute, City ordinances, and the City charter.

It is agreed by the City and the Department that Route 291 is a state highway designated as Legislative Route # 67023 by the Act of July 10, 1941, P.L. 345. The City, however, retains the obligation to regulate traffic and to police City streets that have been taken over or designated as state highways. Section 541 of the State Highway Law,[3] 36 P.S. § 670–541.

This Court has previously considered the City's duty to erect traffic control devices on state designated highways in *Bryson v. Solomon,* 97 Pa.Commonwealth Ct. 530, 510 A.2d 377 (1986), *petition for allowance of appeal denied sub*

3. Act of June 1, 1945, P.L. 1242, *as amended.*

*nom. Bryson v. Board of Education of School District of Philadelphia,* 519 Pa. 668, 548 A.2d 257 (1988), and our holding in *Bryson* is controlling. In *Bryson,* we held that the authority possessed by the City under Section 5.5–500 of the Philadelphia Home Rule Charter[4] to erect traffic controls on City streets designated as state highways is discretionary. Because the plaintiff in *Bryson* was unable to establish a statutory cause of action and there is no common law duty to erect traffic controls, the City was held to be immune from suit under the Judicial Code.[5]

In the instant case, the City had discretion to erect traffic control devices on Route 291. Because, as *Bryson* held, there is no duty to exercise that discretion, there is no statutory cause of action and the City is immune from suit.

Accordingly, the order of the Court of Common Pleas of Philadelphia County is affirmed.

## ORDER

NOW, January 8, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

**4.** 351 Pa.Code § 5.5–500.

**5.** *See also Bendas v. Township of White Deer,* 131 Pa.Commonwealth Ct. 138, 569 A.2d 1000 (1990), where we held that the authority granted to a municipality to erect traffic control devices under Section 6122 of the Vehicle Code, 75 Pa.C.S. § 6122, is discretionary and that there is no duty on the part of the municipality to exercise that discretion. We further stated that once a municipality exercises its discretion and erects traffic control devices, the municipality must maintain such devices in a non-negligent manner.