611 A.2d 1346

**Saramma CHACKO and Punnoose Chacko, Husband and Wife, Celinamma John and Oommen John, Husband and Wife, Appellants,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, a/k/a Penndot and City of Philadelphia and Philadelphia Electric Company a/k/a Peco et al., Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 2, 1992.

Decided June 12, 1992.

495

Elias B. Landau, for appellants.

Joseph A. McGinley, for appellees.

Before DOYLE and FRIEDMAN, JJ., and LEDERER, Senior Judge.

LEDERER, Senior Judge.

Plaintiffs Saramma Chacko (Chacko) and Celinamma John (John), together with their plaintiff-spouses (collectively Appellants), appeal from an order of the Court of Common Pleas of Philadelphia County granting a motion for summary judgment filed by defendant City of Philadelphia (City). For the following reasons, we affirm.

This personal injury action arises from an automobile accident which occurred in the City of Philadelphia on September 20, 1985. Chacko and John were passengers in an automobile operated by defendant Ruby Matthews (Matthews). Matthews, who suffers from diabetes, lost consciousness and then control of the vehicle. The vehicle left the roadway and struck a utility pole owned by defendant Philadelphia Electric Company (PECO). Liability was asserted against the City on the theories that the City: (1) negligently designed the road; (2) failed to post proper traffic warning and speed limit signs; and (3) allowed PECO to place the utility pole too close to the roadway, in violation of a City ordinance. The trial court, however, granted the City's motion for summary judgment as to all three issues.

Holding first that Appellants' claims were barred by Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541, and citing this court's opinion in *Crowell v. City of Philadelphia*, 131 Pa.Commonwealth Ct. 418, 570 A.2d 626 (1990), the trial court concluded that for a dangerous condition to come within the defined exceptions to governmental immunity, the condition must cause, not merely facilitate, the claimant's injury. The trial court next rejected Appellants' contention that liability could be grounded in the City's failure to post speed limit or traffic warning signs, recognizing that the City had no common law or statutory duty to do so. Finally, the court rejected Appellants' argument that the improper location of PECO's utility pole was actionable against the City. As an additional basis for its decision, the court pointed out that summary judgment was proper "even if the City were unable to avail itself of the immunity statute. A trier of fact could not reasonably conclude that any action of the City was a contributing factor to Plaintiffs' injuries, given that the driver had no control over his [sic] vehicle at all." Trial Court Opinion at 2–3.

The issues presented for our consideration are as follows: (1) Whether the trial court committed an error of law in concluding that the City had no duty to post traffic warning or speed limit signs; (2) whether it was error to conclude that no

cause of action lay for the City's failure to enforce its own ordinance; and (3) whether our recent decision in *Buschman v. Druck*, 139 Pa.Commonwealth Ct. 182, 590 A.2d 53 (1991) (overruling in part *Crowell v. City of Philadelphia*, 131 Pa.Commonwealth Ct. 418, 570 A.2d 626 (1990)), requires a reversal of the trial court's finding that the City is immune from liability under Section 8541.

Our standard and scope of review are well established. Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. No. 1035(b). The case must be clear and free from doubt and the record viewed in the light most favorable to the non-moving party. *Pennsylvania Public Utility Commission Bar Association v. Thornburgh*, 62 Pa.Commonwealth Ct. 88, 434 A.2d 1327 (1981), *aff'd* 498 Pa. 589, 450 A.2d 613 (1982). This court's inquiry into the trial court's grant of summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Buschman.*

Appellant's first issue is easily disposed of. In order to overcome the immunity conferred by the Judicial Code, the two requirements set forth in 42 Pa.C.S. § 8542(a) must be satisfied. First, Appellants must show that they possess a common law or statutory cause of action against the local agency and second, Appellants must show that their cause of action falls within one of the exceptions to governmental immunity contained within § 8542(b). *Carter v. City of Philadelphia*, 137 Pa.Commonwealth Ct. 152, 585 A.2d 578 (1991). This court has consistently held that neither statute nor common law imposes a duty to erect traffic controls. *Id.* Therefore, Appellants are unable to satisfy the first of the two requirements necessary to defeat the City's immunity, and the trial court was correct in granting summary judgment on this issue.

■ The trial court was also correct in granting summary judgment on the issue of the City's failure to enforce its own ordinance.[1] In *Buffalini v. Shrader*, 112 Pa.Commonwealth Ct. 228, 535 A.2d 684 (1987), we held that a municipality has no duty to enforce its own ordinance. Further, the utility pole in question was owned by PECO and was not in the City's "possession" or its "care, custody or control," as those terms have been defined for purposes of the governmental immunity exception set forth in § 8542(b) of the Judicial Code. *See, e.g., Mentzer v. Ognibene*, 126 Pa.Commonwealth Ct. 178, 559 A.2d 79 (1987), *appeal denied* 523 Pa. 644, 565 A.2d 1168 (1989), and *Buffalini*. Therefore, no duty is imposed on the City for any dangerous condition respecting the pole. Absent a duty running from the alleged tortfeasor to the injured party, there can be no cause of action for negligence. *Buffalini*.

We turn now to the final issue for our consideration. In *Buschman*, this court overruled *Crowell* in so far as it held that a governmental unit can never be jointly liable with a non-governmental party. Appellants contend that our action now requires us to reverse the trial court, which relied in part on *Crowell* in granting the City's motion. We disagree. As the above-quoted language from the trial court's opinion shows, summary judgment was granted because the trial judge concluded that Matthew's loss of consciousness was the superseding cause of Appellants' injuries and not, as Appellants argue, solely because the City could not be found jointly liable with the nongovernmental defendants. Consequently, our holding in *Buschman* does not require reversal.

In *Buschman* we observed that:

[While] the panel in *Crowell* erred when it suggested that joint tortfeasor liability was no longer available against a governmental unit[,] ... [t]he panel was correct ... in

---

1. Title 11 of the Philadelphia Code, § 11–606(3) sets forth the requirements for the erection and maintenance of utility poles and related structures: "[N]o shade tree, telegraph pole or other obstruction shall be erected or maintained upon the sidewalks within 15 inches of the street line, unless approved by the Department of Streets." It is undisputed that PECO's utility pole was 14 inches from the roadway; it is also undisputed that PECO did not have approval for its deviation from the requirements of this section.

holding that the City was not liable to the Crowells, not because the City could not be a joint tortfeasor, but because the criminal conduct of Lewis, i.e. driving while under the influence, was a *superseding cause* which absolved the City of any liability.

*Buschman,* 139 Pa.Commonwealth Ct. at 187, 590 A.2d at 55 (citing *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987) and *Moore v. Department of Justice,* 114 Pa.Commonwealth Ct. 56, 538 A.2d 111 (1988)) (emphasis added). Thus, our opinion in *Buschman* does not prevent a finding that a governmental unit may be absolved from liability under traditional tort principles of causation.

 Assuming *arguendo* that the acts and omissions alleged against the City were legal causes of Appellants' injuries, the proper inquiry is whether the subsequent loss of consciousness suffered by Matthews was an intervening cause, which would not absolve the City of liability, or a superseding cause, which would. *See Vattimo v. Lower Bucks Hospital, Inc.,* 502 Pa. 241, 465 A.2d 1231 (1983). The Restatement (Second) of Torts (Restatement 2d) defines a superseding cause as "an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Restatement 2d § 440. Among the factors to consider in determining whether a subsequent force is an intervening or superseding cause are whether the force is operating independently of any situation created by the first actor's negligence and whether it is or is not a normal result of that situation. Restatement 2d § 442(c).

 In *Vattimo,* the Supreme Court quoted with approval this court's analysis of superseding causes:

[E]ven where an intervening act is wrongful it does not become a superseding cause unless, looking retrospectively from the harm through the sequence of events by which it was produced, it is so extraordinary as not to have been reasonably foreseeable.

502 Pa. at 253, 465 A.2d at 1237 (quoting 59 Pa.Commonwealth Ct. 1, 9–10, 428 A.2d 765, 769 (1981)). Matthews's loss of consciousness was indeed extraordinary and not reasonably foreseeable. It operated independently of, and cannot be said to be a normal result of, any situation created by the City's purported acts and omissions. Accordingly, we hold that the trial court did not err or abuse its discretion in concluding that the driver's loss of consciousness was a superseding cause of Appellants' injuries and in granting summary judgment on that basis.[2]

For the foregoing reasons, the order of the trial court is affirmed.

## ORDER

AND NOW, this 12th day of June, 1992, the order of the Common Pleas Court of Philadelphia County is hereby affirmed.

**2.** In general, the issue of whether a given force is a superseding or intervening cause is a question to be resolved by the fact finder. However, in cases where a jury may not reasonably differ, it is proper for the court to make a determination of causation. *Vattimo,* 502 Pa. at 247, 465 A.2d at 1234; Restatement 2d § 434.