616 A.2d 66

Phyllis VOREN, Appellant,

v.

BELL TELEPHONE COMPANY OF PENNSYLVANIA, Commonwealth of Pennsylvania, Department of Transportation, Upper Uwchland Township, Herbert and Frances Funderwhite, Glen P. Supplee and Joseph Edward Ferris, Appellees.

Phyllis VOREN,

v.

BELL TELEPHONE CO. OF PA and Commonwealth of Pennsylvania, Department of Transportation and Upper Uwchland Township and Uwchland Township and Herbert & Frances Funderwhite and Glen P. Supplee and Joseph Edward Ferris.

Appeal of Joseph FERRIS, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 15, 1992.

Decided Sept. 16, 1992.

Petition for Allowance of Appeal
Denied Feb. 10, 1993.

Joel D. Feldman, for appellant, Phyllis Voren.

Sarah M. Thompson, for appellant, Joseph Edward Ferris.

Theodore J. Chylack, Sr. Deputy Atty. Gen., for appellee, Com.

Michael S. Fettner, for appellees, Herbert and Frances Funderwhite.

Michael O'Hayer, for appellee, Upper Uwchlan Tp.

Before PALLADINO and FRIEDMAN, JJ., and EMIL E. NARICK, Senior Judge.

FRIEDMAN, Judge.

Phyllis Voren and Joseph Ferris (Appellants) appeal from an order of the Court of Common Pleas of Chester County granting Upper Uwchland Township's motion for summary judgment. We affirm.

Appellants were injured in a motor vehicle accident on November 9, 1985, at the intersection of Park Road and Little

Conestoga Road, both state highways in Upper Uwchland Township (Township). Ferris was driving westbound, with Voren as a passenger, when he collided with a southbound vehicle, operated by Glen Supplee. The motorists' field of vision at the intersection was obstructed by a roadside embankment and fence, both overgrown with thick foliage, and by the placement of a telephone pole. Appellants' complaints alleged that various parties were negligent in maintaining the intersection, and particularly, that the Township negligently failed to warn the public of the dangerous condition posed by the intersection, although it had prior knowledge of the problem,[1] and failed to remove obstructions at the intersection or require other parties to do so.

On March 26, 1991, the Township moved for summary judgment, which the trial court granted. Appellants now appeal from that order.

Initially, we note that a motion for summary judgment can be granted only in those cases where there is no dispute concerning any material factual question. Pa.R.C.P. No. 1035(b). Further, summary judgment may be entered only where the right to relief is clear and the case is free from doubt. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986). The burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment as a matter of law, falls on the moving party; therefore, in reviewing the grant of a motion for summary judgment, we must consider the evidence in the light most favorable to the non-moving party, resolving any doubt in its favor. *Keystone Chapter, Associated Builders and Contractors, Inc. v. Thornburgh,* 101 Pa.Commonwealth Ct.

---

1. As early as May 1985, the Township had notice that the intersection's sight distance problem had been the cause of prior accidents. (R.R. 56). By letter dated September 3, 1985, the Township sought permission from the owners of the property, the Funderwhites, to allow the state or Township to cut back the corner of the intersection. (R.R. 52). This permission was granted a few days later; however, it was only several weeks after Appellants' accident that the Township arranged to have its contractor clear the corner, and contacted Bell of Pennsylvania to relocate its telephone pole.

533, 516 A.2d 852, *aff'd,* 514 Pa. 587, 526 A.2d 358 (1987). Our scope of review on appeal from the grant of a motion for summary judgment is limited to determining if the trial court committed legal error òr manifestly abused its discretion. *Kelly v. Curwensville Area High School,* 141 Pa.Commonwealth Ct. 449, 595 A.2d 787 (1991).

Generally, as a local agency, a township is immune from liability for damages caused by its acts or the acts of its officials and employees. 42 Pa.C.S. § 8541. However, in 42 Pa.C.S. § 8542, the Legislature has waived this grant of immunity when two distinct conditions are satisfied: (1) the damages would be recoverable under statutory or common law against a person unprotected by governmental immunity, and (2) the negligent act of the local agency or its employees which caused the injury falls within one of the limited categories of exceptions to immunity listed in section 8542(b), 42 Pa.C.S. § 8542(b).[2] Absent a legal duty owed to the injured party, no recovery can lie against a local governmental agency. *Majes-*

2. The governmental immunity statute, commonly known as the Political Subdivision Tort Claims Act, specifically provides:

§ 8541. **Governmental Immunity Generally**
Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person.

§ 8542. **Exceptions to governmental immunity**
(a) **Liability imposed.**—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity);  and
(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b).  As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.
(b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

*tic v. Department of Transportation,* 144 Pa.Commonwealth Ct. 109, 601 A.2d 386 (1991). In granting the Township's motion for summary judgment, the trial court reasoned that no cause of action existed against the Township because Appellants failed to demonstrate that the Township had an affirmative statutory or common law duty to maintain the intersection.[3.]

On appeal,[4] Appellants argue that the trial court erred in finding that there was no common law or statutory duty imposed upon the Township for purposes of 42 Pa.C.S. § 8542(a)(1). Rather, Appellants claim that the Second Class Township Code, §§ 1125 and 1178 of the Act of May 1, 1933, P.L. 103, 53 P.S. §§ 66125 and 66178, imposed a duty where the Township undertook to act under these code provisions.[5]

. . . .

(3) *Real Property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

(4) *Trees, traffic controls and street lighting.*—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. §§ 8541, 8542(a), 8542(b)(3) and (b)(4).

3. Because the trial court found no mandatory common law or statutory duty to maintain the intersection, it did not need to reach the question of whether the Township was immune from suit through the operation of the exceptions set forth in section 8542(b). Nevertheless, the trial court specifically held that the alleged act of negligence did not fall within the real estate exception to governmental immunity at 42 Pa.C.S. § 8542(b)(3) because the Township did not "possess" the property involved.

4. Originally, Voren and Ferris filed separate complaints in this action. On January 31, 1992, their appeals were consolidated for argument before this court.

5. 53 P.S. §§ 66125 and 66178 provide as follows:

Similarly, Appellants assert that the Township had a common law duty under section 324A of the Restatement of Torts, 2d, which imposes liability for the negligent performance of an undertaking.

As to the statutory duty allegedly demanded by the Second Class Township Code, the trial court held that code sections 66125 and 66178 merely recognize a township's discretionary power to take action and therefore, a township's failure to act cannot render it liable.[6] *Bendas v. Township of White Deer*, 131 Pa.Commonwealth Ct. 138, 569 A.2d 1000 (1990), *appeal denied*, 526 Pa. 639, 584 A.2d 321 (1990); *Majestic.* Appellants concede that these code sections do not mandate performance by the Township, but instead, only confer upon it the discretionary authority to act. However, relying on *Bendas*, Appellants argue that an otherwise discretionary power on the part of a township becomes an affirmative duty once the township elects to perform.

In *Bendas*, the victims of a motor vehicle accident sued the Township of White Deer for negligently failing to erect traffic control devices at the intersection where the accident occurred. The trial court granted the township's motion for summary judgment and we affirmed, concluding that the Vehicle Code and the Township Code imposed no mandatory duty to act on the part of the township, but created only a

**§ 66125. Acquisition of views**

Any township *may* acquire, by purchase or by the right of eminent domain, a free and unobstructed view down and across such lands located at or near the intersection of any two roads or highways, or a road and a railroad or railway, or at any curve in any road, as may be necessary to assure a free and unobstructed view in all directions at such crossings or curves, and to so prevent the use of such lands for any purpose or in any manner which may interfere with or obstruct the vision of persons traveling upon any such highways....

**§ 66178. Brush and refuse**

The supervisors *may* clear out brush and other refuse from along the sides of the road to the legal width thereof. All such clearing and removal of brush and refuse shall be confined to growth that is within the limits hereinabove described, and to the removal of branches that in any way interfere with public travel. No other injury, by fire, cutting, abrasion, or otherwise, shall be done to the standing timber. (Emphasis added).

6. The trial court also found that section 66125 was inapplicable because it was part of the general provisions relating to eminent domain.

discretionary right to install traffic controls. Although we determined that the township in *Bendas* had no duty to exercise this discretion, we stated that "once the township takes action ... and exercises its powers through the erection of traffic control devices, a suit alleging negligent maintenance of traffic controls may lie against the [t]ownship." *Id.* 131 Pa.Cmwlth. at 142, 569 A.2d at 1001–1002; *see also City of Philadelphia v. Messantonio,* 111 Pa.Commonwealth Ct. 364, 533 A.2d 1127 (1987), *appeal denied,* 519 Pa. 668, 548 A.2d 257 (1988).

Appellants argue that the Township, although it had no initial duty to clear the intersection of obstructions, assumed this obligation by obtaining permission to enter the Funderwhite property, thereby establishing a statutory duty as required by § 8542(a)(1). Further, Appellants contend that the Township, having undertaken this discretionary duty, was obligated to carry it out in a non-negligent fashion, but failed to do so. Because the Township did not act promptly to remove the obstructions at the intersection, waiting over two months and ultimately clearing the area only after the Appellants' accident occurred, Appellants argue that the Township is liable for the negligent performance of its duty. In short, Appellants contend that because the Township undertook a discretionary duty to remedy problems with sight lines at an intersection within its boundaries, a lawsuit could be brought against the Township pursuant to §§ 66125 and 66178 for breach of that duty.

In a similar argument, Appellants contend alternatively that the Township had a common law duty under the Restatement of Torts, 2d, § 324A.[7] Relying on *Messantonio,* Appellants assert that the Township, in requesting written permission from the property owners to cut back the offending over-

7. This section of the Restatement (Second) of Torts provides in pertinent part:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking. . . .

growth, assumed a gratuitous undertaking which it recognized was necessary to prevent future accidents at the intersection. In *Messantonio*, we determined that the Second Restatement of Torts, § 323(a) provided authority to hold the City of Philadelphia liable for the negligent maintenance and construction of a traffic light, even though the City's duty to erect the light was only discretionary. Appellants argue that because *Messantonio* is analogous to the present case, we must hold identically here and conclude that the Township also had a duty under the Restatement. We disagree.

In fact, we feel that both of Appellants' arguments are flawed because they are based on the assumption that the Township "undertook" a discretionary duty. Because this was not the case, Appellants' reliance on *Bendas* and *Messantonio* is misplaced. Here, the Township merely contacted the owners of the property and received their permission to enter and take measures necessary to improve the field of vision for motorists at the intersection. However, the Township had not acted on this permission at the time of Appellants' accident. The Township argues, therefore, that this case is more akin to our decision in *Swank v. Bensalem Township*, 68 Pa.Commonwealth Ct. 520, 449 A.2d 837 (1982), *rev'd on other grounds*, 504 Pa. 291, 472 A.2d 1065 (1984),[8] in which we held that Bensalem Township was not liable for failing to erect flashing warning lights, after it had received permission to do so but had not yet acted, because the township's actions were discretionary and created no duty to act. We agree that *Swank* controls here.[9]

---

**8.** In *Swank*, we affirmed the trial court regarding the alleged negligence of the township for its delay in erecting warning lights at the accident site, but reversed on the issue of the alleged faulty design of the road. While our Supreme Court reversed on the latter issue, Swank's petition for allowance of appeal from our affirmance on the issue of warning lights was denied. *Swank v. Bensalem Township*, 504 Pa. 291, 472 A.2d 1065 (1984).

**9.** Additionally, we are guided by our Supreme Court's decision in *Gardner v. Consolidated Rail Corp.*, 524 Pa. 445, 573 A.2d 1016 (1990), in which that Court rejected an argument based on section 323 of the Restatement of Torts, 2d, stating that if a governmental entity has no mandatory duty to perform, the Restatement does not create one. In *Gardner*, the Court noted further that section 323 did not apply to

In *Swank*, a motorcyclist was injured when he failed to negotiate a curve on a state highway that had been the scene of a series of prior collisions. Because of the danger posed by the road, Bensalem township applied to the Department of Transportation for a permit to erect flashing warning lights at the approaches to the curve. Although the permit was approved on November 25, 1977, the lights were not installed until March 13, 1979, after Swank's accident. Swank alleged that the township assumed the duty to erect the warning devices by asking for and receiving the permit, and that the delay in erecting the lights constituted negligence. We disagreed that the township's mere application for a permit to install the devices as provided by the Motor Vehicle Code created a duty, reasoning that the discretionary language of the code section relieved the township of liability prior to construction of the device. Applying *Swank*'s analysis here, we hold that because the Township had no mandatory duty to clear the intersection, it could not be subjected to liability for breach of that duty until after it had performed clearing operations.[10]

This interpretation is consistent with prior case law. In *Messantonio,* relied on by Appellants, we specifically pointed

government, "for government does not act either gratuitously or for consideration, as is required by Section 323, but pursuant to its required or discretionary duties in the process of governing. Section 323, therefore, cannot be used to create a duty that did not heretofore exist." *Id.* at 453, 573 A.2d at 1020.

10. There is also a policy issue to consider here. Inevitably, there must be a gap between the time that a township contemplates assumption of a discretionary duty and the time when that duty is actually effectuated. Imposing liability on a township for an accident occurring during that gap might chill the desire of townships to voluntarily undertake the correction of problems such as the one here. Townships may not want to expose themselves to the risk of liability should an accident occur while work was still incomplete or, as here, not even started. This is particularly true in government functions, where unforeseen problems and complications can frequently arise. For example, we noted that the sixteen month delay in erecting the flashers in *Swank* was due to bidding and construction problems. Here, the record indicates that the Township, once aware of the problem, worked steadily, if not speedily, toward a solution. We do not believe it prudent to penalize townships for such efforts, however imperfect.

out that the City *did* erect a traffic light, and by so doing became liable under the Restatement of Torts for its proper maintenance and construction. (Emphasis in original). In *Bendas,* we acknowledged a township's liability for negligence only after it exercised its powers through the *erection* of traffic control devices. In *Doyle v. South Pittsburgh Water Co.,* 414 Pa. 199, 199 A.2d 875 (1964), our Supreme Court held that the municipality exercised its discretionary duty to supply water when hydrants were actually set up, reasoning that because it was a *fait accompli,* reasonable care in their maintenance and repair became imperative. In *Hoffmaster v. County of Allegheny,* 121 Pa.Commonwealth Ct. 266, 550 A.2d 1023 (1988), *appeal denied,* 522 Pa. 606, 562 A.2d 828 (1989), we determined that a township which assumed the County's mandatory responsibility to remove snow and ice from the road pursuant to a written agreement, could be held liable for its negligence under section 324A of the Restatement of Torts, 2d.[11]

In each of the previously mentioned cases, the court determined that a local agency which undertook to perform a discretionary duty exposed itself to liability for the negligent performance of that duty. As evident from these examples, the duty was adjudged to have been undertaken either when it was fully performed or contractually assumed. However, in *Swank,* where the township had not yet acted, but had taken only preliminary steps toward performance, we held that the duty remained discretionary. The situation in *Swank* is repeated here; therefore, we must conclude that the Township's request, preparatory to action, did not generate accountability.

Having failed to establish a cause of action against the Township either at common law or by statute, Appellants fail

11. Here, the Township notes that because the roads converging at this intersection were both state highways, it had no obligation to maintain them absent a written contract with a Commonwealth Agency. 42 Pa.C.S. § 8542(b)(6). Although given time for discovery to determine whether such an agreement existed, no contract was uncovered; therefore, the Township contends that if there was any obligation to maintain the intersection, that responsibility was exclusively DOT's.

the threshold test under section 8542(a) of the Judicial Code.[12] Accordingly, we hold that the trial court properly granted summary judgment in this case and affirm its order.

## ORDER

AND NOW, this 16th day of September, 1992, the order of the Court of Common Pleas of Chester County, dated October 25, 1991, is affirmed.

PALLADINO, J., dissents.

12. Even if a common law or statutory basis for a cause of action exists against the Township, no liability can attach unless the claim falls within one of the limited exceptions to governmental immunity. Appellants contend that the claim falls within the "real property" or "trees, traffic controls or street lights" exceptions at 42 Pa.C.S. §§ 8542(b)(3) and (4) respectively. In light of our determination that the Township had no duty to act, we decline to reach this question because in the absence of an underlying duty, the exceptions to governmental immunity as set forth in § 8542(b) need not be considered.