**Kennedy v. City of Philadelphia**

444

*Lawrence D. Finney,* for plaintiffs.
*Frederick B. Buck III,* for defendant James H. Hartbauer.
*Alton Grube,* for defendant PennDOT.
*John Day,* for defendant City of Philadelphia.
*John Salmon,* for defendant Liberty Bell Race Track.

CAESAR, *J.,* February 10, 1993 —

MEMORANDUM OPINION AND ORDER

Defendant city of Philadelphia asserts that this court erred in its legal analysis of both the "trees, traffic controls and street lighting" exception to the city's general governmental immunity and in its analysis of the legal concept of notice. Plaintiffs John R. Kennedy, administrator of the estate of Kathleen Kennedy, deceased and Lewis Scott, an incompetent by Cora Smith, his guardian *ad litem* ask this court to mold the verdict with regard to the $500,000 cap on the city's liability as well as to award delay damages pursuant to Pa.R.C.P. 238. Having considered these arguments, case law and the record in this matter, this court denies the city's requests for relief, awards delay damages in favor of the plaintiffs and molds the verdicts.

On the evening of October 3, 1981, as Kennedy and Scott were walking along Westbound Frontage Road, they were struck by an automobile being operated by defendant, James Hartbauer. Mr. Hartbauer had exited from Woodhaven Road and was moving diagonally across traffic lanes to Westbound Frontage Road in order to enter Liberty Bell Race Track when he collided with the pedestrian plaintiffs. The impact killed Kennedy and caused massive brain damage to Scott who has been an incompetent ever since.

Kennedy and Scott sued Liberty Bell Race Track for breaching its duties as a possessor of land, the city for the dangerous condition of the street markings/traffic controls, and the Pennsylvania Department of Transportation for the defective design of the highway. At the conclusion of the liability phase of the trial, the jury found in favor of defendants James Hartbauer and Liberty Bell Racing Association and against the city of Philadelphia (45 percent), the Pennsylvania Department of Transportation (15 percent)[1], and the plaintiffs for contributory negligence (40 percent).

Before commencing the damages phase of the trial, the city, the Commonwealth, and the plaintiffs stipulated to a verdict in favor of Scott in the amount of $2,000,000 as well as a verdict in favor of Kennedy's Estate in the amount of $600,000.

---

1. Following the filing of post-trial motions, the Commonwealth settled with both Scott and Kennedy.

## A. *The City's Contentions*

The city asserts that plaintiffs failed to meet their burden under the Political Subdivision Tort Claims Act so that the city may not be held liable as a matter of law. The Pennsylvania Legislature created specific exceptions to the general principle of governmental immunity in the Political Subdivision Tort Claims Act. 42 Pa.C.S. §8541, *et seq.* In order to impose liability on the city, plaintiffs needed to establish three things.

First, they were required to show that "the damages would be recoverable under common law or a statute." 42 Pa.C.S. §8542(a)(1). In both their trial brief and their brief opposing the city's motion for post-trial relief, Scott and Kennedy outlined the common law duties owed by the city to travelers on Westbound Frontage Road.[2] The city has not disputed the existence of a common law cause of action on the facts of this case.

---

2. See *Drew v. Laber,* 477 Pa. 297, 383 A.2d 941 (1978); *Mitchell v. Rochester Borough,* 395 Pa. 373, 150 A.2d 338 (1959); *Burton v. Terry,* 140 Pa. Commw. 336, 592 A.2d 1380 (1991); *Carter v. City of Philadelphia,* 137 Pa. Commw. 152, 156 n.5, 585 A.2d 578, 580 n.5 (1991); *City of Philadelphia v. Messantonio,* 111 Pa. Commw. 364, 533 A.2d 1127 (1987), *alloc. denied,* 519 Pa. 668, 548 A.2d 257 (1988); *Farber v. Engle,* 106 Pa. Commw. 173, 525 A.2d 864 (1987); *Merritt v. City of Chester,* 344 Pa. Super. 505, 496 A.2d 1220 (1985); *Rodgers v. Shaler Twp.,* 164 Pa. Super. 558, 67 A.2d 806 (1949); *Roslik v. Pittsburgh,* 155 Pa. Super. 150, 38 A.2d 353 (1944); *Restatement (Second) of Torts,* §323.

Since the parties submitted their briefs, the Supreme Court has issued its opinion in *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992).

Second, the plaintiff must show that "the injury was caused by the negligence of the local agency or an employee thereof." 42 Pa.C.S. §8542(a)(2). The plaintiffs called two civil engineers, George P. Widas and Donald J. Belcher, who testified as to the city's negligence in the manner in which it determined the placement of the street markings (as they existed at the time of this collision). As to this point, the city has not disputed that the jury had sufficient evidence from which to determine that the city acted in a negligent manner.

Third, the plaintiffs must demonstrate that the injuries resulted from one of a number of enumerated acts:

*"(b) Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:...

"(4) Trees, traffic controls and street lighting.—A dangerous condition of trees, traffic signs, lights *or other traffic controls,* street lights or street lighting system under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition." 42 Pa.C.S. §8542(b)(4). (emphasis added) The city asserts that plaintiffs cannot hold the city liable under this exception. As its first ground for new trial or judgment notwithstanding the verdict, the city argues that it is under no statutory duty to erect traffic controls. The city is correct in that it has *discretionary* authority to erect traffic

controls and to mark traffic lanes.[3] Yet, once the city exercises its discretion and places street markings in a particular fashion, it may be held liable for creating a dangerous condition by doing so.[4]

As an alternative ground, the city argues that it is entitled to a new trial or judgment notwithstanding the verdict because it did not have actual or constructive notice of the dangerous condition of the lane markings. However, where the city created the dangerous condition by its prior conduct, it has notice as a matter of law (and common sense). *Penn v. Isaly Dairy Co.*, 413 Pa. 548, 198 A.2d 322 (1964); *Finney v. G.C. Murphy Co.*, 406 Pa. 555, 561, 178 A.2d 719 (1962) ("Where one creates a dangerous condition by his own antecedent active conduct, it is unnecessary to prove that he had notice of such condition.").

## B. *Plaintiffs' Contentions*

Plaintiffs ask that delay damages be added to the damage awards in favor of Kennedy and Scott. The parties stipulated to a verdict in favor of Scott in the amount of $2 million as well as a verdict in favor of Kennedy's Estate in the amount of $600,000. Scott and Kennedy

---

3. 351 Pa. Code §5.5-500(d); Phila. Code §12-206; *Carter v. City of Philadelphia, supra; Farber v. Engle, supra; Bryson v. Solomon et al.*, 97 Pa. Commw. 530, 510 A.2d 377 (1986), *alloc. denied sub nom., Bryson v. Bd. of Educ.*, 519 Pa. 668, 548 A.2d 257 (1988); *Accord, Majestic v. Com., Dept. of Transportation,* 144 Pa. Commw. 109, 601 A.2d 386 (1991).

4. *Crowell v. City of Philadelphia, supra; Voren v. Bell Telephone Co.*, 150 Pa. Commw. 507, 616 A.2d 66 (1992); *Carter v. City of Philadelphia, supra; City of Philadelphia v. Messantonio, supra; Farber v. Engle, supra; Accord, Bendas v. Township of White Deer,* 531 Pa. 180, 611 A.2d 1184 (1992).

were found to be 40 percent responsible for their own injuries. Therefore, the verdict in favor of Scott is reduced to $1.2 million and the verdict in favor of Kennedy is reduced to $360,000. 42 Pa.C.S. §7102. However, under 42 Pa.C.S. §8553, the plaintiffs may only recover an aggregate of $500,000 in damages.

Nonetheless, plaintiffs may recover delay damages from the city although the addition of delay damages causes the award to exceed the statutory limit. *Robinson v. Jackson*, 145 Pa. Commw. 211, 602 A.2d 917 (1992). Recently, in *Woods v. PennDOT*, 531 Pa. 295, 612 A.2d 970 (1992), the Supreme Court analyzed the computation of delay damages in the face of a statutory cap on damages.[5] The Supreme Court indicated that delay damages must be calculated on the full amount of the verdict, rather than the statutory cap, in order to remain true to the plain meaning of Pa.R.C.P. 238 as well as to foster the "laudatory" purposes of the rule. *Woods supra*, 612 A.2d at 972.

Without taking into account the statutory cap, the city is liable for 45 percent of the $2 million owed Scott, i.e., $900,000 as well as for 45 percent of the $600,000

---

5. Although *Woods* concerns a Commonwealth party, Pennsylvania courts have sought to rule consistently with regard to law applicable to both the Commonwealth and local agencies. "The courts of this Commonwealth have recognized similarities between governmental and sovereign immunity provisions, and have relied upon cases in one area when confronted with a similar problem in the other." *Downing v. Philadelphia Housing Auth.*, 148 Pa. Commw. 225, 610 A.2d 535, 537 (1992) (*citing Buschman v. Druck*, 139 Pa. Commw. 182, 590 A.2d 53 (1991)); See *Robinson v. Jackson*, 145 Pa. Commw. 211, 602 A.2d 917 (1992); See also *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989).

owed Kennedy's Estate, i.e., $270,000. The court computes the delay damages owed Scott by the city as follows:

## SCOTT

| | | | |
|---|---|---|---|
| (a) 1983: 12% x $900,000.00 x .25 (3 months) | = | $27,000.00 |
| (b) 1984: 12% x $900,000.00 | = | $108,000.00 |
| (c) 1985: 11.75% x $900,000.00 | = | $105,750.00 |
| (d) 1986: 10.5% x $900,000.00 | = | $94,500.00 |
| (e) 1987: 8.5% x $900,000.00 | = | $76,500.00 |
| (f) 1988: 9.75% x $900,000.00 | = | $87,750.00 |
| (g) 1989: 11.5% x $900,000.00 | = | $103,500.00 |
| (h) 1990: 11.5% x $900,000.00 | = | $103,500.00 |
| (i) 1991: 10.5% x $900,000.00 x .75 (9 months) | = | $70,875.00 |
| (j) 1992: 7.5% x $900,000.00 x .083 (1 month) | = | $5,602.50 |
| | TOTAL: | $782,977.50 |

The court computes the delay damages owed Kennedy's Estate by the city as follows:

## KENNEDY'S ESTATE

| | | | |
|---|---|---|---|
| (a) 1984: 12% x $270,000.00 x .833 (10 months) | = | $26,989.20 |
| (b) 1985: 11.75% x $270,000.00 | = | $31,725.00 |
| (c) 1986: 10.5% x $270,000.00 | = | $28,350.00 |
| (d) 1987: 8.5% x $270,000.00 | = | $22,950.00 |
| (e) 1988: 9.75% x $270,000.00 | = | $26,325.00 |
| (f) 1989: 11.5% x $270,000.00 | = | $31,050.00 |
| (g) 1990: 11.5% x $270,000.00 | = | $31,050.00 |
| (h) 1991: 10.5% x $270,000.00 x .75 (9 months) | = | $21,262.50 |
| (i) 1992: 7.5% x $270,000.00 x .083 (1 month) | = | $1,680.75 |
| | TOTAL: | $221,382.45 |

Thus, the city is liable to Scott in the amount of $782,977.50 in delay damages as well as to Kennedy's Estate in the amount of $221,382.45 in delay damages in addition to the underlying verdicts.

The court must still mold the verdict in favor of Scott and Kennedy's Estate to be within the aggregate $500,000 statutory limit. 42 Pa.C.S. §8553.

Neither the parties nor this writer finds case law setting forth the proper method for molding verdicts where there are two or more claimants and the awards exceed the statutory limit.

The court believes that the following two formulas have merit. On the one hand, the court might divide the aggregate sum available by the number of claimants such that each of two claimants might recover no more than $250,000 each. Compare, 42 Pa.C.S. §8528. On the other hand, the court might divide the $500,000 in the same proportion as the underlying damage awards in order to reflect the relative harm suffered by the claimants. The court believes that rationing the available $500,000 according to the proportionate relationship of the awards best reflects the determination of the relative injuries sustained. Therefore, the court will employ this second method.

Without the statutory cap, the city would be liable to Scott for $900,000 and to Kennedy's Estate for $270,000 (before the addition of delay damages). The aggregate of these damages equals $1,170,000. Scott is entitled to $900,000/$1,170,000 (77 percent of $1,170,000) or $385,000. Likewise, Kennedy's Estate is entitled to $270,000/$1,170,000 (23 percent of $1,170,000) or $115,000. Therefore, the court reduces the compensatory damage award in favor of Scott to $385,000 and Kennedy's Estate to $115,000 for an aggregate of $500,000.

Finally, the court molds the verdict in favor of Scott in the amount of $385,000 plus delay damages in the

amount of $782,977.50 in delay damages for a total award of $1,682,977.50. Likewise, the court molds the verdict in favor of Kennedy's Estate in the amount of $115,000 plus $221,382.45 in delay damages for a total award of $336,382.45.

## III. CONCLUSION

For the foregoing reasons, the court denies defendant city of Philadelphia's motion for post-trial relief and grants the petitions for delay damages and molding of the verdicts of plaintiffs John R. Kennedy, administrator of the estate of Kathleen Kennedy, deceased and Lewis Scott, an incompetent by Cora Smith, his guardian *ad litem.*

## ORDER

And now, February 10, 1993, it is hereby ordered and decreed that:

(1) Defendant city of Philadelphia's motion for new trial or judgment notwithstanding the verdict is denied;

(2) Plaintiffs John R. Kennedy, administrator of the estate of Kathleen Kennedy, deceased and Lewis Scott, an incompetent by Cora Smith, his guardian *ad litem's,* petitions for delay damages and molding of the verdicts is granted in that:

(a) the verdict in favor of plaintiff, John R. Kennedy, administrator of the estate of Kathleen Kennedy, deceased, is molded for a total award of $336,382.45, and

(b) the verdict in favor of plaintiff, Lewis Scott, an incompetent by Cora Smith, his guardian *ad litem,* is molded for a total award of $1,167,977.50; and

(3) Judgment is entered in accordance with this order.