**Levan v. City of Allentown**

C.P. of Lehigh County, no. 2001-C-1732.

*Robert G. Bauer,* for plaintiffs.
*Maryann E. Higgins,* for defendant City of Allentown.
*David P. Karamessinis,* for additional defendant County of Lehigh.

WALLITSCH, *J.,* May 16, 2003—Before this court is the City of Allentown's motion for summary judgment.

For the following reasons we grant the city's motion for summary judgment.

On March 14, 2000, plaintiff Gloria Levan was walking on Hamilton Street between Fifth and Law Streets in Allentown, Pennsylvania, when she tripped and fell over a raised portion of a grate which surrounded a tree planted in the street's sidewalk located on property owned by the County of Lehigh. As a result of the fall, Mrs. Levan sustained a severe left distal radius fracture that required pinning and external fixation. She also required three additional surgeries due to related complications. Plaintiffs allege that at some point prior to the fall, there was a car accident dislodging the tree and raising the grate from the concrete sidewalk. Plaintiffs also allege that after the grate became raised, the city placed warning tape around the grate, but removed the tape prior to Mrs. Levan's fall.

Plaintiffs initiated suit against the city arguing that, under the trees or real property exceptions to the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§8541-8564, the city's negligent act of failing to repair the grate permits the plaintiffs to recover against the city. The city in turn joined the county of Lehigh arguing that it was the county's duty to maintain and repair the grate since it was located on their property.

The Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §§8541-8564, states that no local agency shall be liable for any damages on account of any injury to a person caused by any act of the local agency or an employee thereof or any other person. 42 Pa.C.S. §8541; *Gardner v. Consolidated Rail Corporations,* 524 Pa. 445,

573 A.2d 1016 (1990). However, certain acts by a local agency or any of its employees may result in the imposition of liability upon a local agency. 42 Pa.C.S. §8542(b); *Kiley v. City of Philadelphia,* 537 Pa. 502, 645 A.2d 184 (1994). These pertinent acts, or exceptions to the Act, that potentially allow liability against a local government agency can be found in 42 Pa.C.S. §8542(b)(1) through (8). Plaintiffs argue that either the trees or real property exceptions apply imposing liability upon the city for failing to repair the grate. 42 Pa.C.S. §8542(b)(4) states that:

"(4) Trees, traffic controls and street lighting—*A dangerous condition of trees,* traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody and control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition."

The trees exception cannot apply since Mrs. Levan's fall did not result from a dangerous condition of the tree. The movement of the tree from the accident may have raised the grate but that is not what the exception, which must be strictly construed, is meant to encompass. Because of the clear intent to insulate government from exposure to tort liability for any of its acts, exceptions carved out by the legislature from this general rule are strictly construed. *Kiley,* 537 Pa. at 506, 645 A.2d at 185;

*Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988); *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989).

Alternatively, plaintiffs argue that the real property exception applies. Specifically, plaintiffs argue that the grate is real property under the "care, custody and control" of the city. 42 Pa.C.S. §8542(b)(3) states:

"(3) Real property—the care, custody and control of real property *in the possession of the local agency,* except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, 'real property' shall not include: (i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems; (ii) facilities of stream, sewer, water, gas, and electric systems owned by the local agency and located within rights-of-way; (iii) streets; or (iv) sidewalks."

Plaintiffs argue that the grate was under the city's control when it allegedly put up and removed the tape from around the grate. We disagree. The county, not the city, owns the property on which the grate is located. The affidavit of Russell S. McKenzie Jr., who is employed by the City of Allentown as risk manager, states that the grate is part of an area owned by the County of Lehigh. Additionally, the city's request for admissions, which was admitted by this court on August 14, 2002, states that the county owns the property upon which Mrs. Levan had tripped, had handled all repairs and maintenance prior to the incident in question and repaired the grate after Mrs. Levan's fall. The application of tape to the grate

did not change who possessed the area. Since the county "possessed" the grate, the real property exception cannot apply to the city.

The city argues that the sidewalk exception to the Political Subdivision Tort Claims Act applies. We agree. 42 Pa.C.S. §8542(b)(7) states:

"(7) Sidewalks—a dangerous condition of sidewalks within the rights-of-ways of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, *the local agency shall be secondarily liable only and other persons shall be primarily liable.*"

A sidewalk is defined as "a walk for foot passengers usually at the side of a street or roadway." Webster's Third New International Dictionary 2113 (1986). The sidewalk exception applies since the grate is part of the sidewalk. Even though the grate's primary purpose is to allow water to pass into the ground, it is also flush with the sidewalk in order to allow pedestrians to traverse across the base of the tree without tripping over the tree's roots. Under the sidewalk exception, the county, as the owner of the property is primarily liable and the city would be

secondarily liable. *Burns v. Crossman,* 740 A.2d 773 (Pa. Commw. 1999). Since the plaintiffs settled with the primarily liable party, the secondarily liable party is discharged from any liability. *Mamalis v. Atlas Van Lines,* 522 Pa. 214, 560 A.2d 1380 (1989).

Plaintiffs argue that, regardless of the Act, the city assumed a duty that they ordinarily did not have since, after the fall, it allegedly put tape around the grate and then negligently had it removed. Plaintiffs claim that the Restatement (Second) of Torts §324A (1963) supports this position. It states:

"One who undertakes, gratuitously for consideration, to render services to another which he should recognize as necessary for the protection of a third person of his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonably [sic] care to protect his undertakings, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or third person upon the undertaking."

The alleged application and removal of the tape or warning device did not give rise to a duty on behalf of the city to repair the grate under section 324A. For a duty to be imposed upon a local agency the agency must have fully performed the duty. *Voren v. Bell Telephone Company of Pennsylvania,* 150 Pa. Commw. 507, 616 A.2d 66 (1992). In this case, in order for the city to have assumed a duty in regards to the repair of the grate it would have to have completely repaired the grate. How-

ever, the city never undertook the duty to repair the grate since it only cordoned off the area with tape. Even if the city had decided to undertake a duty to repair the grate the taping of the area could only be considered a preliminary step. Until the grate was completely repaired it would not have given rise to a duty under 324A. The court in *Voren* held that Uwchland Township was not liable since the appellants were unable to show that the township undertook a duty under 324A. All that the township did was apply for a permit and the court held that the mere application for a permit to clear away obscuring bushes from a roadway is considered a preliminary step toward performance and does not give rise to a duty. Since the plaintiffs have not shown how the city undertook a duty to repair the grate, the city, under the Political Subdivision Tort Claims Act, cannot be liable. Absent a legal duty owed to the injured party, no recovery can lie against a local government agency. Since the plaintiffs have been unable to establish that the city undertook a duty, the Political Subdivision Tort Claims Act precludes liability.

## ORDER

And now, May 16, 2003, upon consideration of defendant City of Allentown's motion for summary judgment, after argument thereon, and for the reasons set forth in the accompanying memorandum opinion, said motion is granted and judgment is entered in favor of the City of Allentown against Gloria and Robert Levan.