Penn, Appellant, *v.* Isaly Dairy Co.

Argued October 4, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Samuel C. Holland,* with him *Theodore A. Tenor,* for appellants.

*Robert L. Orr,* with him *Reed, Ewing, Orr & Reed,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 17, 1964:

On January 31, 1959, Miriam Penn and her husband set out to visit their friends, Mr. and Mrs. Balter. When the Penns arrived at the Balter home, Mrs. Penn learned that Mrs. Balter was at appellee's store having a cup of coffee. Mrs. Penn decided to join her friend and walked the short distance from the Balter home to the Isaly store. She entered the store and walked some ten to thirteen feet toward the booth in which Mrs. Balter was seated. The women had just exchanged salutations when Mrs. Penn slipped and fell to the floor, sustaining physical injuries.

Mr. and Mrs. Penn filed an action of trespass to recover damages sustained by them as a result of the fall. At the conclusion of appellants' case on liability, the

trial court granted appellee's motion for compulsory nonsuit. The court en banc refused appellants' motion to take off the nonsuit and this appeal followed.

A nonsuit should be entered only in a clear case, and on appeal from the refusal to take off a compulsory nonsuit, the plaintiff must be given the benefit of all favorable testimony and every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in favor of plaintiff. *Schwartz v. Urban Redev. Auth.*, 411 Pa. 530, 192 A. 2d 371 (1963); *Miller v. McMinn's Industries, Inc.*, 410 Pa. 234, 188 A. 2d 738 (1963). Examining the record in the light of this oft-stated standard of review, we conclude that the judgment of nonsuit was improperly entered.

Mrs. Penn testified that the floor of the store was of a linoleum or composition tile material and that it appeared clean and glossy. She stated that she was wearing flat heeled shoes and that her foot slipped causing her to fall backwards into a sitting position on the floor. She further testified that after the fall she observed a skid mark on the floor caused by her heel. This skid mark was described as an indentation in the coating of the floor.

This testimony was corroborated in all particulars by Mrs. Balter who also observed the skid mark. Mr. Balter, who came upon the scene shortly after the fall, also inspected the skid mark and described it as having raised sides, as though someone "had slid through the mud or something". A closer examination by Mr. Balter revealed the skid mark to exist in a yellow waxy substance.

Appellee's manager testified that the floor was waxed periodically by applying liquid wax with a dry mop. She stated that the floor had last been waxed approximately one month before the accident.

From this testimony, the jury could have found that appellee had negligently allowed wax to accumu-

late at the spot where Mrs. Penn fell, thereby creating a dangerous condition. Mrs. Penn was a business visitor and as such was owed a duty by appellee to maintain the premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation is extended. *Finney v. G. C. Murphy Company,* 406 Pa. 555, 178 A. 2d 719 (1962) ; *Vetter v. Great Atlantic & Pacific Tea Company,* 322 Pa. 449, 185 A. 613 (1936).

In actions such as this, where plaintiffs seek to recover damages for personal injuries caused by negligence in creating and maintaining a dangerous condition, they are not required to prove the exact manner in which the condition developed; nor is it necessary to prove notice where the condition has been created by defendant's own antecedent active conduct. *Finney v. G. C. Murphy Company,* supra.

The evidence on liability was sufficient to require the submission of the issue to the jury for determination. Cf. *Davanti v. Hummell,* 409 Pa. 28, 185 A. 2d 554 (1962) ; *Dougherty v. Philadelphia National Bank,* 408 Pa. 342, 184 A. 2d 238 (1962).

Judgment reversed with a venire facias de novo.