378 A.2d 977

**INTERNATIONAL DAIRY QUEEN, INC., Appellant,**

v.

**William HILL, George Highley and Edwin W. Kalemjian.**

Superior Court of Pennsylvania.

Argued Dec. 10, 1976.

Decided Oct. 6, 1977.

Robert J. Shenkin, West Chester, for appellant.

No appearance entered nor brief submitted for appellee, Hill.

James E. McErlane, West Chester, submitted a brief for appellee, Highley.

Richard F. Smith, West Chester, with him William H. Lamb, West Chester, for appellee, Kalemjian.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Plaintiff, International Dairy Queen, Inc. (hereinafter referred to as Dairy Queen) filed a suit in trespass and conversion against defendants, William Hill, George Highley and Edwin Kalemjian, alleging that they converted certain equipment belonging to the plaintiff to their own use. The case proceeded before a judge and jury to a trial wherein the plaintiff presented its evidence. Following the presentation of the plaintiff's evidence and upon a motion by the defendants, the trial court granted a nonsuit as to defendants Highley and Kalemjian. The jury returned a verdict in favor of the plaintiff and against defendant Hill. After the trial, the plaintiff filed motions with the lower court to take off the compulsory nonsuit entered against defendants Highley and Kalemjian. Those motions were denied and plaintiff has appealed to this Court.

Briefly stated, the facts are as follows. Defendant Highley was a one-third owner of a tract of land located in East Whiteland Township, Chester County, Pennsylvania. The other owner was a Ms. Willits who held the remaining

two-thirds interest in the land. Ms. Willits was not named as a defendant in this case. On November 11, 1969, defendant Hill entered into an agreement with defendant Highley and Ms. Willits to purchase the above referred to tract of land. The agreement called for settlement within six months. On April 9, 1970, defendant Highley signed a document entitled "Consent to Installation—Realty Owner's And Mortgagee's Waiver." This document purported to be an agreement by Highley to consider all tangible personal property described in a conditional sales contract and affixed to the property as personal property notwithstanding the manner in which it was affixed to the tract of land. Furthermore, title to the personal property was to remain in the seller of the personal property until all amounts due under the conditional sales contract had been paid to the seller. This document was executed by Highley in anticipation of an agreement to be entered into between the American Dairy Queen Corporation and defendant Hill whereby Hill would purchase certain equipment necessary to operate a Dairy Queen store on the premises being sold to him by Highley. On October 30, 1970, Hill and the American Dairy Queen Corporation entered into the agreement for the purchase of that equipment which had a total value of approximately $20,000. However, Hill defaulted on the agreement because he was unable to meet the payments due the plaintiff, International Dairy Queen, Inc., the assignee of the American Dairy Queen Corporation. Hill was also unable to complete the purchase of the tract of land from Highley and Ms. Willits and the land was sold to the defendant Kalemjian and his son by a deed executed August 14, 1971. At the time Highley signed the mortgagee's waiver agreement, the sales contract had not been entered into by Dairy Queen and Hill, so certain parts of the waiver document were incomplete. The incompleted portion of the document included the absence of the date of the conditional sales contract and the docket entry in the clerk's office.

The equipment was installed on the premises by the appellant pursuant to the sales agreement. The equipment

included such things as malt mixers, coffee brewers, chairs, fryers and other articles necessary to operate a Dairy Queen store. When the premises were sold to Kalemjian, the equipment remained on the property and was purportedly conveyed along with the land. The appellant's complaint in the lower court alleged that the action of appellee Highley of selling the premises along with the equipment affixed to it to appellee Kalemjian constituted an act of conversion on the part of Highley, Hill and Kalemjian. Although the issue of whether or not there was actually a conversion of the appellant's property did get before the jury with respect to defendant Hill; the issue did not get before the jury with respect to Highley and Kalemjian, because the lower court entered a nonsuit upon their motion.

In *Penn v. Isaly Dairy Co.,* 413 Pa. 548 at 550, 198 A.2d 322 at 323 (1964), the Pennsylvania Supreme Court stated:

A nonsuit should be entered only in a clear case, and on appeal from the refusal to take off a compulsory nonsuit, the plaintiff must be given the benefit of all favorable testimony and every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in favor of plaintiff. *Schwartz v. Urban Redev. Auth.,* 411 Pa. 530, 192 A.2d 371 (1963); *Miller v. McMinn's Industries, Inc.,* 410 Pa. 234, 188 A.2d 738 (1963).

Therefore, we must review the record to discern whether or not there was a question which should have been submitted to the jury. There was no contention that the equipment originally purchased by Hill was not placed on the premises. Furthermore, the equipment was on the premises at the time the agreement for sale of the premises was entered into and executed between Highley and Kalemjian. When Mr. Kalemjian's son, who was also a purchaser of the premises along with his father, was confronted by Dairy Queen and asked to pay for the equipment on the premises he stated that he was not going to pay for something he had already paid for. This was also the sentiments of the appellee, Kalemjian who was of the opinion that they had purchased the premises from Highley "lock, stock and bar-

rel." From the record, it appears that it was also the intention of Highley to sell the premises to Kalemjian and his son lock, stock and barrel. In *Norriton East R. Corp. v. Central-Penn N. B.*, 435 Pa. 57, 254 A.2d 637 (1969) the court discussed the elements of conversion.

> Salmond defines conversion as an act of willful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession. Salmond, Torts (10th ed. 1945) at 286. Prosser describes the following ways in which a conversion can be committed: "(a) Acquiring possession of the goods, with an intent to assert a right to them which is in fact adverse to that of the owner. (b) Transferring the goods in a manner which deprives the owner of control. (c) Unreasonably withholding possession from one who has the right to it. (d) Seriously damaging or misusing the chattel in defiance of the owner's rights." Prosser, Torts, § 15 (2d ed. 1955).

There can be little doubt that both appellees intended to exercise dominion over the equipment at one point in time or another. However, there is a question as to rightful ownership. Appellant contends that the document purporting to be a waiver and signed by Highley was improperly excluded from evidence. It is also appellant's contention that this document was relevant to the issue of rightful ownership. One of the reasons for its exclusion was that certain important parts of it were left incomplete. The deposition of Mr. Highley taken by the appellant was offered into evidence for the purpose of authenticating the waiver document and establishing the intent of appellee Highley when he signed the document. However, the lower court would not allow the deposition to be introduced. The Pennsylvania Rules of Civil Procedure specifically provide for the use of depositions at trial.

> (a) At the trial, any part or all of the deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had notice thereof if

required, in accordance with any of the following provisions: (2) The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a party may be used by an adverse party for any purpose. Pa.R.C.P. 4020.

At the time Highley signed the waiver, he was well aware of the intentions of Hill to purchase the equipment from the appellant and that the purpose of the waiver was to exclude that equipment from being considered realty once it was affixed to the land. Therefore the deposition would have had significant relevance to this issue of rightful ownership.

A review of the record in the light most favorable to the plaintiff indicates that the granting of the appellees' motion for a nonsuit was not warranted in this case. The order of the lower court is reversed and the case is remanded for a new trial with respect to appellees Highley and Kalemjian.

HOFFMAN, J., concurs in the result.