**Edwin MILLER, Jr. and Donna Miller, his wife, Appellants,**

v.

**LYKENS BOROUGH AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued April 14, 1998.

Decided May 19, 1998.

Richard C. Angino, Harrisburg, for appellants.

Brooks R. Foland, Harrisburg, for appellee.

Before PELLEGRINI, and LEADBETTER, JJ., and JIULIANTE, Senior Judge.

PELLEGRINI, Judge.

Edwin and Donna Miller (Millers) appeal from an order of the Court of Common Pleas of Dauphin County (trial court) denying their post-trial motions seeking a new trial solely on the issue of damages against Lykens Borough Authority (Authority).

On December 18, 1989, the Authority excavated part of Pottsville Street in Wiconisco Township (Township) in order to repair a damaged water line. After finishing its repairs to the water line, the Authority filled in the area of the roadway that it had excavated using material that contained frozen particles and placed the material in eight to twelve inch layers using a regular tamper.[1] This measure was to be a temporary solution until the repairs could be completed by paving the roadway. On December 30, 1989, while driving down Pottsville Street, Mr. Miller's vehicle struck the utility cut which, since the time of the last inspection, was down eight to twelve inches below the roadway. Up until two days before the accident, the Authority had sent employees to the site to check the excavation for subsidence but none had occurred. The Millers filed suit against the Authority alleging that the Authority was negligent in the restoration of the roadway because it improperly backfilled the trench it had excavated and such negligence caused Mr. Miller's injuries.[2]

When the case was first tried the jury was unable to reach a verdict. The Authority then moved for a directed verdict because it contended that the evidence did not establish that it had notice of a dangerous condition of the roadway. The trial court granted the motion and entered a directed verdict in favor of the Authority and the Millers appealed to this Court. In *Miller v. Department of Transportation*, 690 A.2d 818 (Pa. Cmwlth.1997) (*Miller I*), we reversed and ordered a new trial reasoning that there was sufficient evidence presented in which the jury could conclude that the Authority had notice that the roadway was a dangerous condition and the trial judge erred in taking that issue away from the jury.

At the close of the second trial, the trial court submitted a special verdict form to the jury containing three questions.[3] Because the utility exception to governmental immunity in 42 Pa.C.S. § 8542(b)(5) requires actual or constructive notice to the agency before a plaintiff can recover, the trial court submitted this third question to the jury:

Do you find that the Defendant, Lykens Borough Authority, had actual notice or could reasonably be charged with notice of the depression/ditch on Pottsville Street, under all the circumstances in this case, in sufficient time prior to the accident on the evening of December 30, 1989, to have taken measures to protect against the dangerous condition?

Millers' counsel objected to submitting this question to the jury. He contended that the Authority was presumed, as a mater of law, to have the requisite notice because it created the allegedly dangerous condition if the jury were to find that the Authority had improperly filled the utility cut. When the jury returned its verdict, it found that the Authority was negligent in backfilling the utility cut and that its negligence caused Mr. Miller's injuries, but because the Authority did not have actual or constructive notice of the dangerous condition in sufficient time before Mr. Miller's accident to allow it to make repairs, the Authority was not liable to Mr. Miller for his injuries. The Millers filed post-trial motions contending that the trial judge erred in submitting the factual issue of notice to the jury and because the jury found the Authority negligent backfilling the utility cut a new trial should be held solely on the issue of damages. Relying on our decision in *Kennedy v. City of Philadelphia*, 160 Pa. Cmwlth. 558, 635 A.2d 1105 (1993) *affirmed,*

---

1. When making such repairs, however, the Millers offered evidence that only dry, unfrozen material should be used when backfilling and should be tamped in four inch layers rather than the eight inch layers used by the Authority.

2. The Millers also named the Township and the Pennsylvania Department of Transportation as additional defendants, but both were dismissed pursuant to a stipulation among the parties.

3. The first question was whether the jury found that the Borough was negligent and the second was whether the Authority's negligence was a substantial factor in causing Miller's injuries.

540 Pa. 527, 658 A.2d 788 (1995), the trial court denied the motion because notice under the exceptions to governmental immunity was not to be inferred merely because the Authority created the dangerous condition. This appeal followed.[4]

As they did below, the Millers do not allege here that the jury's finding that the Authority lacked notice was against the weight of the evidence, but only that because the Authority created the dangerous condition causing Miller's injuries, the trial court erred in submitting the issue of notice to the jury because notice that the cut could have subsided should have been imputed to the Authority as a matter of law. They contend that the notice required by 42 Pa.C.S. § 8542(b)(5) is nothing more than normal constructive notice and that where the defendant's own antecedent conduct causes the dangerous condition, the plaintiff need not establish either actual or constructive notice. *Penn v. Isaly Dairy Co.*, 413 Pa. 548, 198 A.2d 322 (1964); *Finney v. G.C. Murphy*, 406 Pa. 555, 178 A.2d 719 (1962). Because its negligence created the dangerous condition that caused Mr. Miller's injury, the Millers argue that the Authority should be deemed to have had notice of the dangerous condition, just as a private landowner would have under the same circumstances.

■ The trial court based it decision to submit the factual question of notice to the jury on the exception contained in 42 Pa.C.S. § 8542(b)(5) that deals with local utilities. The utility exception provides that liability shall be imposed if the injuries complained of were caused by:

A dangerous condition of the facilities of a steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.[5]

As a prerequisite for recovering under this exception, a plaintiff is required to establish that the agency had actual or constructive notice under all of the circumstances. What the Millers contend is that when an agency creates a dangerous condition, negligence and notice are intertwined. While this may be true where the dangerous condition is obvious, e.g., if the Authority did not fill in the cut at all, the more precise issue, and the one involved in this case is whether the agency is charged with notice of a latent defect caused by its antecedent conduct.

We dealt with the issue of whether a governmental agency had notice of a latent defect in *Kennedy*, albeit under the traffic control exception that contains the same language on notice as the utility exception.[6] In *Kennedy*, plaintiff's decedent was killed after she was struck by a car while walking along a roadway in which plaintiff alleged was improperly marked by PennDOT. The roadway contained only a single dotted white line that separated the west bound lanes. At trial it was shown that PennDOT

---

4. When reviewing a trial court's denial of a motion for post-trial relief, our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Ellis v. City of Pittsburgh*, 703 A.2d 593 (Pa.Cmwlth.1997). Additionally, we must review the record in a light most favorable to the verdict winner, who is afforded the benefit of all reasonable inferences that arise from the evidence. *Id.*

5. This Court has held that this exception applies not only to the water pipe, but also to the strip of land that the Authority disturbs to repair the pipe. *Miller*, 690 A.2d at 820.

6. The traffic control exception at 42 Pa.C.S. § 8542(b)(4) provides that liability may be imposed if the injury is caused by:

A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting system under the care, custody and control of the local agency except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

was negligent in marking the road because it should have better delineated where the highway ended and the berm began by installing a solid white line at the point the roadway ended. However, it was not shown that PennDOT had notice of the defect in the road markings. The trial court, citing to both *Penn* and *Finney* as do the Millers, held that plaintiffs did not need to prove notice to PennDOT because PennDOT had notice as a matter of law as it was the one that actually created the dangerous condition. We reversed, reasoning that under the traffic control exception, PennDOT could not be deemed to have notice as a matter of law and the plaintiffs still needed to prove by specific evidence, either actual or constructive notice, on the part of PennDOT even though it was the agency's negligence that caused the dangerous condition. In doing so, we stated that both *Penn* and *Finney* were inapplicable because they dealt with private landowners and not a governmental agency. We went on to hold that local agencies were to be treated differently than private entities because the immunity statute which specifically provides that a plaintiff must prove either actual or constructive notice of the dangerous condition when bringing an action against a local agency. We also distinguished *Penn* and *Finney* because the dangerous condition in those cases, i.e. wax on the floor put there by the owner of the store, was an obvious condition of which the owner should have had notice and was not a latent defect.

Our holding in *Kennedy* that the municipality must have knowledge of a latent defect even if created by its own previous conduct has long been the law in this Commonwealth. In *Travers v. Delaware County*, 280 Pa. 335, 124 A. 497 (1924), a case similar to this one, a span of a bridge constructed by the county

gave way during a rescue attempt causing plaintiff to fall into the waterway below the bridge. An examination after the plaintiff's fall showed that there was an old defect in the bridge that was caused by workmen employed by the city some years earlier but had been concealed as the repairs were completed. The plaintiff argued that because the workmen who repaired the bridge created the defect, notice should therefore be imputed to the county. The evidence adduced at trial showed that the county had inspected the bridge a few months prior to the accident and found that there was no damage to the iron work that ultimately collapsed causing plaintiff's injuries. Our Supreme Court held that where the defect was not obvious and the county undertook a reasonable inspection that revealed no damage to the iron work of the bridge, there could not be any liability on the part of the municipality without a showing that the defect was one that should have been discovered through the use of ordinary care.

■■■■ Likewise, notice of a latent defect in the placement of the fill that could not be discerned upon reasonable inspection cannot be imputed to the Authority simply because it created the dangerous condition. Just as in *Kennedy* and *Travers*, the Millers as plaintiffs, were not excused from establishing that the Authority had actual or constructive notice of the latent defect in time to correct it, even though it was the Authority's negligence that created the dangerous condition.[7] Because it was not error for the trial court to find that the Authority was not charged with notice as a matter of law when it created the dangerous condition as result of a latent defect, we affirm the trial court's denial of the Millers' post-trial motions and entry of judgment for the Authority.[8]

**7.** Other states, however have held that notice is imputed under the circumstances presented in this case. *See Harding v. City of Highland Park,* 228 Ill.App.3d 561, 169 Ill.Dec. 448, 591 N.E.2d 952 (1992) (where the affirmative act of a governmental agency's employees cause a dangerous condition, no actual or constructive notice of the condition needs to be shown under the Illinois immunity statute); *see also Sherman v. District of Columbia,* 653 A.2d 866 (D.C.1995) (proof that the District had notice of the defective condition

is irrelevant where liability is premised on the primary negligence of the District's agent).

**8.** The Authority has moved for costs and attorney's fees under Pa.R.A.P. 2744 in connection with this matter for what it contends is a "frivolous and vexatious second appeal." It argues that because the Millers previously argued that notice was a question for the jury and now argues on this appeal that it is not, their appeal is frivolous. However, we do not find that such alternative arguments in two separate trials are

## ORDER

AND NOW, this 19th day of May, 1998, the order of the Court of Common Pleas of Dauphin County at 3357 S 1991, dated September 9, 1997, is affirmed. It is further ORDERED that the motion of Lykens Borough Authority for counsel fees and the costs of this proceeding is denied.

---

frivolous or vexatious so as to warrant the imposition of fees and costs against the Millers. Accordingly, the motion for fees and costs is denied.