**Flynn v. Miggy's Corp. Five**

216

*Murray L. Greenfield*, for plaintiff.
*Stephen M. Eleck*, for defendant.

WILLIAMSON, *J.*, March 27, 2014—This matter comes before us on a motion for summary judgment filed January 3, 2014 by Miggy's Food Corp. Five d/b/a Foodtown of East Stroudsburg (hereafter "defendant"). On February 6, 2014, Ana I. Flynn (hereafter "plaintiff") filed a response to defendant's motion for summary judgment. In the motion, defendant argues that plaintiff cannot show that the defendant, by the exercise of reasonable care, knew or should have known of the condition in question, or that the condition involved an unreasonable risk of harm to the plaintiff. Specifically, defendant asserts that, following exchange of discovery in this case, there is no evidence that they knew or should have known of a dangerous condition

on their premises. The alleged dangerous condition was a tow rope from a plastic sled in a checkout aisle, which caused the plaintiff to fall and sustain injuries. As such, defendant concludes that plaintiff cannot establish the requisite elements of negligence, and therefore defendant is entitled to summary judgment.

The accident occurred on or about January 29, 2011 in defendant's store located at 9 Fox Run Lane, Middle Smithfield Township, East Stroudsburg, Pennsylvania. According to the complaint, filed on April 16, 2012, plaintiff was caused to trip and fall due to a rope sticking out of a stack of sleds that were lying on the floor of the store in a closed checkout aisle. The complaint avers that plaintiff suffered numerous injuries as a result of the fall. Defendant filed an answer and new matter on May 14, 2012. Plaintiff filed a response to the new matter on June 20, 2012. After review of the parties' briefs and arguments thereon, we are ready to dispose of defendant's motion for summary judgment.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa. Super. 1995).

Summary judgment may be granted only in cases where the right is clear and free from doubt *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings alone, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employment Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party had adequate knowledge and that the means of information were within the control of the non-moving party. *Elia v. Olszewski*, 84 A.2d 1889 (Pa. 1951).

In support of the motion, defendant argues that the plaintiff has produced no evidence that the defendant had actual knowledge of the existence or location of the tow ropes on the floor. Defendant also argues there is no evidence they had, or could be imputed with, constructive notice of the location of the ropes at any time prior to the plaintiff's fall. With regard to the actual notice requirement, defendant asserts that there is no evidence,

nor any allegations, that defendant had actual knowledge of the existence of the hazard — that being the ropes from the sleds lying on the floor of a checkout aisle. Defendant also alleges the store manager regularly and routinely patrolled the store and saw no hazard during those patrols. Further, defendant contends that the three witnesses to the incident are unable to establish how long the ropes were in the location and condition which plaintiff alleges they were in at the time of her fall. Therefore, because the hazard cannot be identified as existing for any period of time, defendants claim that constructive notice cannot be established. Finally, to rebut the spoliation argument raised by plaintiff, defendant argues that plaintiff cannot establish all of the requirements for the application of the spoliation doctrine. Specifically, defendant states that notice of the instant lawsuit was provided to them 15 months after the accident occurred, by which time the videotapes that may have shown the area in question were destroyed or taped over. Defendant also acknowledges that there has not been a total destruction of the evidence, as portions of the tape have been preserved and produced as three photographs of the area in question.

In response, plaintiff argues that summary judgment is not appropriate at this time for two reasons. First, plaintiff argues that under the restatement of torts, as interpreted by Pennsylvania courts, if a harmful transitory condition is traceable to the possessor or his agent's acts, then the plaintiff need not prove any notice in order to hold the possessor accountable for a resulting harm.[1] Plaintiff further argues that an invitee must prove either the

---

1. *See* Pl.'s resp. to mem. of law in supp. of def.'s mot. for summ. j.p. 7 (citing *Penn v. Isaly Dairy Co.*, 198 A.2d 322,324 (Pa. 1964); *Finney v. G.C. Murphy Co.*, 178 A.2d 719 (Pa. 1962)).

proprietor of the land had a hand in creating the harmful conditions, or he had actual or constructive notice of such condition.[2] In support of this position, plaintiff contends that it was the defendant who caused the unsafe condition in the store when they decided to knowingly place the sleds with the long tow ropes in front of an aisle where they knew people would be walking. Moreover, plaintiff argues that the aisle in question was filled with products which distracted shoppers as they walked through and that the tow ropes could easily be dislodged, causing a tripping hazard. For instance, plaintiff believes it was clearly foreseeable that the tow ropes could become dislodged if someone picked up a sled and instead of purchasing it, put it back with the tow rope misplaced and laying on the floor. Therefore, plaintiff argues the transitory condition can clearly be traced back to the defendant who did not exercise reasonable care in protecting the plaintiff from the harmful condition.

Second, plaintiff argues that the spoliation doctrine has precluded plaintiff from being able to prove that defendant had either actual or constructive notice of the rope being in the aisle. Plaintiff argues the video surveillance could have shown the potential hazard, the tripping incident itself, and how often store personnel passed by the location. However, the videos were eventually destroyed. Plaintiff argues that the actions taken by defendant in not preserving the video surveillance from the day of the accident were deliberative and have prejudiced their ability to prove the elements of the cause of action as set forth in the complaint. Plaintiff contends that defendant must have anticipated litigation because they took steps to procure a recorded statement

---

2. *Id.* (citing *Moultrey v. Great Atlantic & Pacific Tea Co.*, 422 A.2d 593, 598 (Pa. Super. 1980)).

from the store manager shortly after the accident, and they kept some still photographs. Plaintiff asserts that a duty to preserve the video surveillance was clearly established on the day of the accident. Therefore, by not preserving such evidence, plaintiff requests that sanctions or an adverse inference instruction should be entered against defendant, and at the very least, that the motion for summary judgment be denied.

Taking the above arguments into consideration, we find that summary judgment is not appropriate at this time, as there are questions of material fact surrounding the issue of whether defendant had notice or should have known of the condition which caused the plaintiff to fall. Further, we believe a determination of the credibility of both parties' witnesses needs to be made by the fact finder in order to properly support judgment for either side.

Preliminarily we recognize that, for purposes of application of the type of duty owed, plaintiff in this matter is a business invitee. As such, The Restatement (Second) of Torts §343 applies directly to this case.[3]

In a similar case, the Pennsylvania Superior Court discussed the application of §343 to a situation involving a supermarket's responsibility to its patrons. In *Neve v. Insalaco's*, 771 A.2d 786 (Pa. Super. 2001), the court cited verbatim the language found in §343 and went on to state that an "invitee must present evidence proving that the proprietor deviated from the duty of reasonable care that it owed in the circumstances, i.e., that the proprietor knew

---

3. Restatement (Second) of Torts §343 has been cited with approval in Pennsylvania by the Pennsylvania appellate courts. *See, e.g., Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983); *Lonsdale v. Joseph Home Co.*, 587 A.2d 810, 811 (Pa. Super. 1991).

or in the exercise of reasonable care should have known of the harmful condition." *Id.* at 791. The court found that an invitee "can satisfy this burden by establishing, inter alia, that the proprietor had constructive notice of the harmful condition." *Id.* The court also held that an "invitee can also satisfy its burden by establishing that the proprietor helped to create the harmful condition or had actual notice of it." *Id.* n.5 (citing *Zito v. Merit Outlet Stores*, 647 A.2d 573. 575 (Pa. Super. 1994)).

Guided by the Superior Court's rule in Neve we find that plaintiff could establish the notice requirement of the claim if plaintiff is able to prove either that defendant helped to create the harmful condition in question, (i.e., the tow rope from the sleds in the checkout aisle), had actual notice of the harmful condition, or had constructive notice of the condition. Currently, defendant is unable to meet its burden for summary judgment as questions of material fact with regard to notice still exist. Specifically, whether or not defendant had a hand in creating the harmful condition is an issue of material fact in dispute. An issue for the fact finder is whether or not the defendant placed the sleds in this location with knowledge, or that they should have had knowledge that the ropes could hang to the ground causing a tripping hazard. Furthermore, there are questions as to the location of the tow ropes with respect to the sleds located in the checkout aisle. Plaintiff argued at oral argument that the deposition of Kenneth P. Marino, the assistant store manager on duty at the time of the accident, did not state that the tow ropes were taped or secured to the sleds in the aisle. After review of Mr. Marino's deposition, we are unable to discern whether or not the ropes were secured, or how they were secured in the sleds at the time of the accident. Therefore, not knowing

how the ropes were stored relative to the placement of the sleds in the aisle also presents a genuine issue of material fact, precluding entry of summary judgment at this time.

Moreover, as plaintiff points out in their response to motion for summary judgment, the credibility of each parties' witnesses is to be judged by the finder of fact. Specifically, we cannot grant this motion based solely upon the depositions submitted by defendant in support of their motion for summary judgment. In the note to Pennsylvania Rule of Civil Procedure 1035.2, we are specifically instructed that "oral testimony alone, either through testimonial affidavits or depositions, of the moving party or the moving party's witnesses, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact."[4] Defendant argues that Mr. Marino walked the store every half hour and at the very most would have been in the area where the plaintiff fell within a half hour before the fall, but he saw no danger. Therefore, defendant argues plaintiff cannot produce evidence to establish that defendant had notice of the tow ropes in the aisle for any amount of time before the accident. However, as plaintiff correctly points out, the credibility of Mr. Marino, as well as other witnesses, is an issue to be determined by a jury, thereby further, precluding the entry of summary judgment at this time.

Finally, with respect to the spoliation argument raised by plaintiff regarding the video surveillance evidence, we do not believe it appropriate at this time to determine whether sanctions should be entered against the defendant. Plaintiff argues that defendant had the duty to preserve

---

4. *See* Pa.R.C.P. 1035.2; *Nanty-Glo v. American Surety Co.*, 163 A.2d 523 (Pa. 1932); *Penn Center House, Inc. v. Hoffman*, 553 A.2d 900 (Pa. 1989).

the video surveillance once the incident report was filled out. Further, plaintiff contends they are prejudiced by the destruction of the video surveillance because it not only impacts the issue of notice, but also could have determined whether or not defendant fulfilled its duty to plaintiff as a business invitee. As we found above, plaintiff has the ability to establish notice by showing that defendant helped to create the harmful condition in question, had actual notice of the harmful condition, or had constructive notice of the condition. Therefore, although the video surveillance could help establish plaintiff's claim, we believe plaintiff has ample opportunity to do such without the video in question. We also note the video surveillance could show nothing, or it could hurt the plaintiff's case. It is an unknown at this time and purely speculative. It would have been prudent for the defendant to have saved video footage knowing an accident took place, and therefore, we will defer final judgment on this issue to any future motion concerning the video and still photographs at time of trial. We will not impose sanctions at this time.

In conclusion, viewing the evidence in a light most favorable to the non-moving party, this court finds there to be genuine issues of material facts as presented through the pleadings, oral arguments, depositions and exhibits of both plaintiff and defendant. As such, summary judgment is not appropriate at this time, and we enter the following order.

## ORDER

And now, this 27th day of March, 2014, upon consideration of defendant's motion for summary judgment, the same is denied.